PATAPSCO GUANO COMPANY v. BRYAN & CO.

*Contract, Construction of—Trust Relation—Trust Fund—Conversion—Pleading—Judgment Non Obstante Veredicto.*

1. Where a contract between plaintiff and defendant was that the former should sell to the latter certain goods, to be paid for by the notes of defendant, who was to deliver to plaintiff all notes taken from purchasers of the goods as collateral security for the payment of defendant's notes, with the further provision that all of said goods, together with the proceeds of sale thereof, should be held in trust for the plaintiff; *Held*, that the contract not only created the relation of debtor and creditor, but also made the defendant trustee for the plaintiff of all the notes and cash derived from the sale of the goods, and therefore liable in damages for the conversion thereof.

2. Where, in an action on such contract, the defendant admitted the execution of the contract and the collection of enough from the sales of the goods to pay his notes, but denied the embezzlement and conversion which the complaint charged against him, and the jury responded negatively to an issue as to the wrongful conversion by the defendant of the proceeds of the sales of the goods; *Held*, that a judgment *non obstante veredicto* ought to have been rendered for the plaintiff.

CIVIL ACTION, for conversion of trust funds, tried before *Greene, J.*, and a jury, at January Term, 1896, of MOORE Superior Court. There was a verdict for the defendant, and, from judgment thereon and the refusal of a motion for judgment *non obstante veredicto*, the plaintiff appealed. The facts are sufficiently stated in the opinion of Associate Justice MONTGOMERY.

The contract referred to in the opinion was as follows:

" *To Messrs. Bryan & Co., Jonesboro, N. C.* :

" We have this day sold you for delivery during the ensuing season, to be shipped or ordered by you in not less than car-load lots, with the privilege of as much more as may be mutually satisfactory, the following fertilizers: ten tons Patapsco guano, $23 per ton—2,000 pounds, in bags; (___tons Acid Phosphate, $___). The above to be delivered f. o. b. at Jonesboro, N. C., and is to be settled for by your note or notes, payable to our order, to be given at any time we may call for same after shipment of goods, and made payable at banking office of S. H. Buchanan, Jonesboro, N. C., and to mature as follows: 1st and 15th November, and 15th December, 1891.

" On May 1st next, or sooner, if possible, you agree to deliver to us or our order, notes of planters or other purchasers to whom you may have sold these goods, for the gross amount of the sales of the same, to be held by us as collateral security for the payment of your obligations as above stated, and all of said goods, as also all proceeds therefrom, are to be held in trust by you for the payment of your notes to us.

" And further, all proceeds of said goods, as collected, must be first applied to the payment of your notes, whether the same shall have matured or not.

" It is hereby mutually agreed and understood that the

118—37

above contract is made subject to suspension in case of fire or other unavoidable accident to sellers' works.

" In sending collaterals to the company, please place a nominal value of twenty five dollars on each package, and express same to our office at Baltimore.    The same will be returned to you in ample time for collection.

" This contract subject to the approval of the company.

" The collateral notes provided for in this contract must in all cases be deposited.

" No deviation from this contract will be recognized unless authorized by the company in writing.    Goods not to be shipped out till ordered by Messrs. Bryan & Co.

(Signed)    C. R. CARRINGTON,
<em>For Patapsco Guano Co.</em>

" GENTLEMEN :    Your offer is hereby accepted upon terms and conditions stated in this contract.

(Signed)    BRYAN & Co.

" Jonesboro, N. C., February 17, 1891."

*Messrs. Douglass & Spence*, for plaintiff (appellant).
*Mr. W. E. Murchison*, for defendants.

MONTGOMERY, J.:    Upon an examination of the complaint and answer in this action it appears that the defendant confesses that the plaintiff has stated a cause of action against him.    He admits the execution of the notes and contract set out in the complaint, and admits by his failure to deny the first section in allegation seven of plaintiff's amended complaint that he had collected enough, in cash and upon the notes executed to him by the purchasers of the guano sold to him by the plaintiff, to pay his notes due to the plaintiff.    His denial of embezzlement and conversion charged against him in the complaint plainly appears, in his answer, to be made, not because he has not misappropriated the trust funds which

were derived from a sale of the guano, but because of the legal construction which he puts upon the contract between himself and the plaintiff. The defendant relies upon matter which he pleads in avoidance to defeat the action. The plea in avoidance which he sets up is that the contract between himself and the plaintiff for the sale of the guano constitutes him simply the debtor of the plaintiff for the value of the guano, and does not make him a trustee, as well as a debtor, of the notes and cash received by him for the guano. If, therefore, the contract as a matter of law establishes a relation of trust between the parties, the matter pleaded in avoidance is insufficient.

There can be no doubt that the contract makes the defendant a trustee for the plaintiff's benefit of the guano sold to him by the plaintiff, of the notes taken by the defendant from the purchasers of the guano, and of the cash money derived from the sales and of that collected on the notes. A contract of this nature, to this effect, has been construed by the Court in the case of *Chemical Co.* v. *Johnson*, 98 N. C., 123. Issues, among which was the following, "Did the defendant wrongfully convert the guano, notes or other evidences of indebtedness or the proceeds thereof to his own use?" were submitted to the jury, and the response to the one above written out was in favor of the defendant. The plaintiff moved for a judgment, *non obstante veredicto*. The motion was denied and judgment was rendered for the defendant. There was error in the ruling of the court refusing the motion of the plaintiff. He was entitled upon the pleadings to his judgment as prayed for. The judgment is reversed, and judgment must be entered in the court below for the plaintiff according to the prayer of his complaint.

Reversed.