**AMERICAN AGRICULTURAL CHEMICAL CO. v. BARNES CO., Inc., et al.**

No. 982.

District Court, E. D. South Carolina.

June 13, 1939.

John I. Cosgrove, of Charleston, S. C., for complainant.

Randolph Murdaugh, of Hampton, S. C., for defendants.

MYERS, District Judge.

This suit is in equity. The bill of complaint, in substance, alleges that under a written contract entered into in February, 1933, defendant The Barnes Company, Inc. (hereinafter referred to as Barnes Company), became the agent of complainant to sell fertilizers on commission; that the contract provided that the fertilizers consigned thereunder, as well as the cash, notes and accounts resulting from sales thereof, should at all times remain complainant's property and should be kept separate and apart from other monies and promptly remitted to complainant; that, in addition, its agent unconditionally guaranteed payment of all accounts and notes representing credit sales of the fertilizer con-

signed under the contract; that in the year 1937, the contract being still outstanding, a large amount of fertilizers was consigned to Barnes Company thereunder, for which it has not accounted.

The bill of complaint further alleges that defendant W. F. Barnes was the officer of Barnes Company, actively in charge of its affairs and having supervision, direction and management of its business; and that said Barnes, jointly with the corporation, of which he was the active manager, "in breach of the trust and fiduciary relations of said contract", disposed of the fertilizers consigned under the contract with complainant and converted the property or the proceeds of its sale to his own use or that of his company.

An accounting was demanded against both defendants for the property consigned under the contract, together with judgment against them for such an amount as the accounting may show to be due. Additional relief was demanded against the defendant Barnes in the nature of civil arrest and bail, should judgment rendered against him be returned unsatisfied.

The Barnes Company defaulted and judgment was entered against it.

Barnes answered, setting up a number of defenses and also a counterclaim in the sum of $100,000 for alleged libel.

The matter is now before me on motions of complainant to strike numerous allegations and paragraphs of the answer and counterclaim and also to dismiss a number of the defenses as well as the counterclaim.

It is not necessary to consider them ad seriatim.

The contract between complainant and Barnes Company, attached to the bill of complaint, is of a dual character. The delivery of fertilizers thereunder to the agent was expressly made upon consignment for sale on commission and for the account of the principal. By its terms the consigned fertilizer, cash, notes, accounts and proceeds of sale were at all times to be and remain the property of the principal and subject to its order.

By another and separate provision, the agent unconditionally guaranteed payment of all sales on a credit basis; and agreed, as evidence of that guaranty, upon demand of the principal, to execute and deliver its note or notes for all fertilizers consigned and not paid for in cash.

The main defenses attacked by these motions are largely grounded upon the theory that as complainant had had certain alleged dealings with Barnes Company under which its notes were given and accepted by complainant, that the terms of the contract were waived, its right to proceed thereunder also waived, so that it is now estopped to pursue Barnes individually by reason thereof, and also because of the judgment obtained in this cause against Barnes Company upon the indebtedness evidenced by these notes. Linked with these defenses is the further one that as Barnes did not assume the indebtedness of his company nor agree in writing to answer therefor, he is not liable in the premises.

The motions, in substance, seek the deletion of such defenses on the ground that the cause of action against Barnes, individually is one solely for an accounting based upon his alleged tortious acts, as the active manager and executive officer of his company, in converting the property of complainant to his own use or to the use of Barnes Company, in violation of the trust and fiduciary relationship established by the contract. As shown, the contract between the parties is primarily a consignment contract creating the relationship of principal and agent,—one of a fiduciary character. It is also required of the agent —independently of its duty to account—an unconditional guarantee of payment of all of its credit sales, to be evidenced by a note or notes when demanded by the principal.

In my opinion the acceptance by the principal of the guarantee notes required by the contract would not bar an action for accounting against the agent under the consignment portion of the contract nor against an officer of the corporate agent who actively participated in a breach of its fiduciary provisions.

"It is thoroughly well settled that a man is personally liable for all torts committed by him, consisting in misfeasance— as fraud, conversion, acts done negligently, etc.,—notwithstanding he may have acted as the agent or under the directions of another. And this is true to the full extent as to torts committed by the officers or agents of a corporation in the management of its affairs." Fletcher, Cyclopedia Corporations, Rev.Ed., Vol. 3, Section 1135.

The same author says, with more particular application to the instant case,

Vol. 3, Section 1142: "When the proceeds of a sale of goods, consigned to a corporation to be sold on commission, have been intentionally misapplied, the officers in control of the fund who have knowingly participated in the wrong are individually liable, and of course defendant's liability does not depend upon his having derived any personal benefit from the alleged conversion." In this connection, see, also, National Bank of Greenville v. Jennings, 38 S.C. 372, 17 S.E. 16; Patapsco Guano Co. v. Bryan & Co., 118 N.C. 576, 24 S.E. 364.

■ The fact that judgment was obtained against the corporation upon its guaranty notes would not bar pursuit of its officer for an accounting of funds or property of complainant misappropriated by him or under his direction. The remedies available to a creditor are cumulative, although but one satisfaction can be had. Ex parte Hernlen, 156 S.C. 181, 153 S.E. 133, 69 A. L.R. 443; Kohn v. Stork, 108 S.C. 79, 93 S.E. 391; 9 R.C.L. 958.

The motions of complainant to strike and to dismiss paragraphs 1 and 2 of the Second Defense and the whole of the Third, Fourth and Fifth Defenses of the answer are, therefore, granted. They fail to state any claim upon which relief can be granted.

Paragraph 8 of the answer and that portion of paragraph 9 of the answer, to wit, "and he denies the remaining allegations contained in paragraph Ninth of the complaint", should also be stricken. The original of the contract attached to the complaint and the original price schedule based thereon were before me upon the hearing. An examination of these documents clearly shows that these denials are without merit.

Several grounds of the motion to strike were also addressed to portions of the counterclaim. The disposition hereinafter made of the entire counterclaim, however, renders a consideration of them unnecessary.

Complainant has moved to dismiss the counterclaim, as a whole, upon the following grounds:

(a) Said counterclaim fails to state a claim upon which relief can be granted, in that said alleged counterclaim is insufficient as a matter of law to state a cause of action for alleged libel, the allegations thereof at no place setting up that the charges against the defendant W. F. Barnes, and contained in the complaint herein, were false.

(b) Said counterclaim fails to state a claim upon which relief can be granted, in that the allegations of the complaint upon which the alleged counterclaim is based were absolutely privileged, because contained in a court pleading, and cannot afford the basis of an action for damages even if false or groundless.

(c) Said counterclaim fails to state a claim upon which relief can be granted, in that the allegations contained in the complaint upon which the alleged counterclaim is based were material, relevant and pertinent to the cause of action attempted to be stated against the defendant W. F. Barnes, individually, and consequently cannot give rise to a right of action for libel even if false or groundless.

The counterclaim is based upon language contained in the bill of complaint herein with respect to the defendant Barnes.

■ If these allegations of the bill of complaint are pertinent to the real issues involved and relevant to the cause of action attempted to be stated, they are privileged. The question of their pertinency and legitimate relation to the issue presented is one of law for the court.

As heretofore shown, complainant was legally authorized to sue the corporate agent and its active, managing officer, either or both, for an accounting of its property or its proceeds of sale entrusted to the corporation under the consignment contract.

■ The bill charges that Barnes was the officer of Barnes Company in active charge and control of its affairs. The answer admits these allegations. If, as further charged in the bill, he, jointly with the corporate agent, "in breach of the trust and fiduciary relation" of the consignment contract knowingly converted complainant's property or its proceeds of sale to his own use or that of his company, he is personally responsible, under all of the authorities.

■ These allegations of the bill respecting his participation in the alleged conversion of complainant's property are both relevant and material and legitimately related to the issue involved. Even if libelous, being contained in a court pleading, and being relevant to the real issues presented, they are privileged. Texas Co.

76

v. C. W. Brewer & Co., 180 S.C. 325, 186 S.E. 623; White v. Nicholls, 44 U.S. 266, 267, 3 How. 266, 11 L.Ed. 591; Thompson v. Standard Oil Co., 4 Cir., 67 F.2d 644; 36 C.J. p. 1253.

The counterclaim contained in the answer, therefore, fails to state a claim upon which relief can be granted. Under Rules of Civil Procedure, Rule 12(b), 28 U.S.C.A. following Section 723c, it must be dismissed.

It is ordered that paragraphs 1 and 2 of the Second Defense and the whole of the Third, Fourth and Fifth Defenses of the answer be and they are hereby stricken from the answer and dismissed.

Further ordered, that paragraph 8 of the answer and that portion of paragraph 9 of the answer, reading "and he denies the remaining allegations contained in paragraph Ninth of the complaint," be and they are hereby stricken from the answer.

Further ordered, that the entire counterclaim contained in the answer be and the same is hereby stricken and dismissed.

And it is so ordered.