## KAREN MORGAN AND ANOTHER v. EATON'S DUDE RANCH AND ANOTHER.

239 N. W. 2d 761.

February 27, 1976—No. 45323.

*William E. Ahlberg,* for appellant.
*John D. Flanery,* for respondents.

Heard before Otis, Peterson, and Scott, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This is a personal injury action. The jury awarded plaintiff Karen Morgan $8,925 and her husband, plaintiff Phillip S. Morgan, $2,500 against defendants, Eaton's Dude Ranch and A. J. Eaton. A. J. Eaton appeals from the district court order denying his motion for judgment notwithstanding the verdict or a new trial.

This case presents the issue of whether an officer of a corporation is vicariously liable for the torts of a corporate employee when that officer neither participated in, nor directed, nor was negligent in failing to learn of and prevent the tort.

The facts are undisputed. Plaintiff Karen Morgan was a den mother for her son's cub scout pack. On May 22, 1971, Mrs. Morgan went with the pack on a hayride at Eaton's Dude Ranch in Apple Valley, Minnesota. The ranch premises were leased and

operated by Dude Ranches, Inc., a Minnesota corporation doing business as Eaton's Dude Ranch. The driver of the horse-drawn haywagon upon which Mrs. Morgan rode was Thomas Gianetti, an employee of Eaton's Dude Ranch. At one point along the ride the haywagon entered a dense area. A tree which had fallen down with branches extending over the trail caught Mrs. Morgan's leg as the wagon drove past, injuring her seriously.

A. J. Eaton is the president, and an employee, of Dude Ranches, Inc. He was present at the ranch on the day of the accident and issued a receipt to the scouts when they entered. The complaint does not charge him with independent negligence, and there was no showing at trial that he was personally at fault in any manner. The jury was not asked to pass on the question of Eaton's control over Gianetti because the trial court held as a matter of law that both Eaton and the corporation were responsible for Gianetti's conduct.[1] The corporate defendant does not appeal.

---

[1] The jury answered the following question in the affirmative:

"Question 1: Were the defendants Eaton's Dude Ranch and A. J. Eaton negligent in regard to the incident of May 22, 1971?"

The relevant portions of the jury instructions read as follows:

"The first question in this verdict is the one referring to negligence, which I will read to you: 'Were the defendants Eaton's Dude Ranch and A. J. Eaton negligent in regard to the incident of May 22?' Now, you notice that the words are 'Eaton's Dude Ranch and A. J. Eaton,' but in reality here we are determining the negligence of Mr. Gianetti. He is an employee, and it is undisputed that he was their employee at the time. He was the one handling the wagon. But it wouldn't have made any difference if Mr. Eaton was there or anything else. You and I and anyone else are responsible for our employees. Their conduct when they are on duty is our conduct. We all know that, so I don't put it in the verdict; I just want you to be reminded of that. Question one is: were the defendants Eaton's Dude Ranch and A. J. Eaton negligent in regard to the incident of May 22. * * *

\* \* \* \* \*

"You have listened to this lawsuit, and you take question one: were the defendants Eaton's Dude Ranch and A. J. Eaton guilty of negligence in regard to this incident? You have heard how this hayride went

It is settled that a corporate officer is not liable for the torts of the corporation's employees unless he participated in, directed,[2] or was negligent in failing to learn of and prevent [3] the tort. No evidence was presented at trial indicating that Mr. Eaton participated in or directed Mr. Gianetti's tortious conduct. There is evidence that Mr. Eaton managed the operation of the ranch, but no evidence that he knew or should have known of the dangerous condition which existed or that he directed Gianetti to proceed in the face of danger. The cases relied upon by the trial court to impose liability upon Eaton as an officer all involve officers who knowingly participated in, authorized, or negligently failed to prevent wrongful conduct.[4] This is not such a case.

A. J. Eaton was not only an officer of Dude Ranches, Inc., he was their employee as well. As an employee, he is liable for Gianetti's tort only if he was at fault in appointing, supervising, or cooperating with him. Restatement, Agency 2d, § 358(1).[5] There is no evidence of any such fault on Eaton's part.

and you have heard from the witnesses. You say to yourselves, did Mr. Gianetti conduct himself as an ordinary, reasonably prudent person under the circumstances that you have heard about out there?"

[2] Ellingson v. World Amusement Service Assn. Inc. 175 Minn. 563, 222 N. W. 335 (1928); Restatement, Torts, § 877; 19 C. J. S., Corporations, § 845.

[3] Preston-Thomas Const. Inc. v. Central Leasing Corp. 518 P. 2d 1125 (Okla. App. 1973).

[4] Virginia-Carolina Chemical Co. v. Ehrich, 230 F. 1005 (E. D. S. C. 1916); Hinkle Iron Co. v. Kohn, 229 N. Y. 179, 128 N. E. 113 (1920); American Agriculture Chemical Co. v. Barnes Co. 28 F. Supp. 73 (E. D. S. C. 1939); Adventures in Good Eating, Inc. v. Best Places to Eat, Inc. 131 F. 2d 809 (7 Cir. 1942); Conde Nast Publications, Inc. v. Vogue School of Fashion Modeling Inc. 105 F. Supp. 325 (S. D. N. Y. 1952); Admiral Corp. v. Prince Vacuum Stores, Inc. 141 F. Supp. 796 (E. D. Pa. 1956).

[5] Illustration 1 under § 358(1) provides: "A is employed by P as general manager. B, a servant under the immediate direction of A, is negligent in the management of a machine, thereby injuring T, a business

There is also no evidence supporting the application of Restatement, Agency 2d, § 358(2), to this case.[6] There was no testimony at trial by either Mr. or Mrs. Morgan as to who they believed owned the ranch. A Certificate of Business Name, whereby one "Arthur J. Eaton" certified that he was doing business as "Eaton's Dude Ranch," was relied upon by the trial court in applying § 358(2). That certificate was signed in 1943, apparently by A. J. Eaton's father.

There is no basis in law or fact for imposing liability upon the individual defendant, A. J. Eaton. The order of the district court denying Mr. Eaton's motion for judgment notwithstanding the verdict is reversed.

Reversed.

---

visitor. A is not liable to T." See, also, Malloy v. Fong, 37 Cal. 2d 356, 232 P. 2d 241 (1951); S. H. Kress & Co. v. Selph, 250 S. W. 2d 883 (Tex. Civ. App. 1952); Davis v. Wilson, 265 N. C. 139, 143 S. E. 2d 107 (1965); Annotation, 61 A. L. R. 277.

[6] Section 358(2) provides as follows: "An agent employing servants or other agents for the principal not revealing to them the existence of the principal, is subject to liability to third persons for their torts as is any other principal; if he reveals the existence of a principal to them, but not to third persons, he is subject to liability for their torts only to persons who have dealt with such agents in reliance upon their apparent employment."