No. 48,761

MARY GALVAN, *Appellant,* v. ROGER L. MCCOLLISTER, *Appellee.*

(580 P.2d 1324)

Opinion filed July 15, 1978.

*Fred W. Phelps, Jr.,* of Fred W. Phelps, Chartered, of Topeka, argued the cause, and *Fred W. Phelps* was on the brief for the appellant.

*Jerry R. Palmer,* of Stumbo, Stumbo, Palmer, McCallister & Buening, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from a summary judgment entered in favor of defendant Roger L. McCollister. The facts indicate that plaintiff Mary Galvan was sued by Ed Marling Stores, Inc., for failure to pay money due on an installment sales contract. Plaintiff contacted the Legal Aid Society of Topeka, Inc., to obtain legal representation. A staff attorney, Larry Rute, agreed to represent her. On June 12, 1975, plaintiff was contacted by Rute by telephone and was told Marling's would settle its lawsuit if she would make a $250.00 cash payment. Pursuant to this agreement, plaintiff allegedly delivered $250.00 in cash in an unmarked envelope to the Legal Aid office that afternoon and gave it to a secretary.

About one week later, plaintiff called her attorney, who advised her he had not received the money. An investigation was made and the money did not turn up. The secretary denies the plaintiff gave her any envelope or money. Subsequently, Legal Aid denied plaintiff had brought the money to its office.

Plaintiff filed suit against the Legal Aid Society, Roger McCollister, and the secretary who allegedly received the money. On a motion for summary judgment the trial court dismissed McCollister from the action. Plaintiff appeals from that order. For the reasons set forth below we hold the trial court was correct.

Plaintiff's theory in her cause of action was that the money had been either embezzled or negligently lost by defendants. Plaintiff

further alleged a contractual relationship between McCollister and plaintiff. In discovery, plaintiff admitted she had absolutely no evidence that McCollister knew about, took, lost, or had any contact with her money. She further admitted she had no contact with him until approximately one month after the alleged loss of money.

The only issue before this court is whether McCollister is potentially liable for the loss by virtue of the doctrine of *respondeat superior.* McCollister was the chief staff attorney and executive director of the Legal Aid Society. He did not have an attorney-client relationship with plaintiff, nor is there any evidence to connect him directly with the loss. The only possible source of liability is through the doctrine of *respondeat superior,* which we believe is inapplicable. As stated in *McFeeters v. Renollet,* 210 Kan. 158, 161, 500 P.2d 47 (1972), "[A] director or officer of a corporation does not incur personal liability for its torts by reason of his official character."

The universal legal rule is that a servant or other agent is not liable for the dereliction of a fellow worker or agent under agency principles. The reporter's notes in the Appendix to Restatement (Second) of Agency § 358 (1958) state:

"The cases are unanimous in holding that a servant or other agent is not liable for the derelictions of fellow workers or other agents of the same principal. In the absence of wrongful directions or wrongful control or some other element involving wrongful conduct, the doctrine of respondeat superior does not apply to agents who are not masters. On the other hand, the rule stated herein should be contrasted with the rule with reference to the liability of an agent or servant for his subagents or subservants, as stated in § 362. . . ." (p. 602.)

Plaintiff also argues McCollister is liable because of the fact he is an attorney and is jointly liable for the acts of his fellow attorneys, citing the professional corporation law of Kansas, K.S.A. 17-2706, *et seq.* The argument has no merit. Defendant was an employee of the Legal Aid Society, a nonprofit corporation, and as such the professional corporation act applicable to attorneys does not apply.

Further arguments of plaintiff have been considered and are held to be without merit.

The judgment of the trial court is affirmed.