858 P.2d 854

**Robert W. MOSER, Plaintiff–Appellant,**

v.

**Mary BERTRAM, Defendant–Appellee.**

**No. 20692.**

Supreme Court of New Mexico.

Aug. 10, 1993.

Norman Osborne, Hobbs, for plaintiff-appellant.

Brian Fitzgerald, Santa Fe, for defendant-appellee.

**OPINION**

FROST, Justice.

This appeal from a summary judgment requires us to determine whether a real estate seller's agent owes a fiduciary duty to a prospective purchaser when the seller's agent and the purchaser's real estate agent work for the same real estate broker. The district court held that there is no such fiduciary duty, and we agree.

The material facts are undisputed. Plaintiff-appellant Robert Moser, an individual · from California interested in purchasing investment realty in New Mexico, sued defendant-appellee Mary Bertram, a real estate sales agent employed by the Santa Fe brokerage firm of Vidal Garcia doing business as Century 21 Blue Chip Realty ("Blue Chip"), for breach of fiducia-

ry duty. Bertram was listing agent for property that Moser wanted to purchase, a residence located in Santa Fe, New Mexico. Moser hired Dolores Lee as his buyer's agent to secure his acquisition of the property. Lee, like Bertram, was employed by Blue Chip.[1]

With Lee's assistance, Moser contracted to purchase the property contingent upon his acquisition of financing by July 20, 1988. Moser was unable to secure financing by this date and the seller granted him an extension to August 12, 1988 to obtain financing. Moser failed to secure the necessary financing by the new deadline, and the agreement terminated. Approximately one week later, Lee told Moser that the property was still available at the same price. Acting upon this information, Moser arranged financing and contacted Lee, expecting to consummate the sale. Lee then informed Moser that Bertram had sold the property to another party since she had last talked to Moser.

Moser contends that Bertram is liable for his lost investment opportunity because Bertram owed him a fiduciary duty that was breached by Bertram's sale of the property to another purchaser. According to Moser, Bertram's fiduciary duty derives from Moser's agency relationship with Lee: Lee owes Moser a fiduciary duty because she is Moser's agent, Blue Chip owes Moser a fiduciary duty because the fiduciary duties of Lee are attributable to Lee's broker, and Bertram owes Moser a fiduciary duty because the fiduciary duties of Blue Chip are attributable to Bertram as a Blue Chip employee. In sum, Moser claims that "all salespeople employed by a given broker must be bound by all of the fiduciary relationships of that broker."

Bertram responds that she did not owe a fiduciary duty to Moser by virtue of the fact that she and Lee were coagents and coemployees; liability simply does not flow between coagents or coemployees. Bertram adds that she did not have an agency relationship directly with Moser, and that her only fiduciary duty as the listing agent was to the seller of the property.[2] Bertram concedes that she knew Lee was working with Moser, but contends that such knowledge did not affect her fiduciary obligations.

■ A real estate agent stands in a fiduciary relationship with his or her principal, a position of great trust and confidence commanding the utmost good faith. *Swallows v. Laney*, 102 N.M. 81, 83, 691 P.2d 874, 876 (1984). As a fiduciary, the real estate agent must reveal all facts within his or her knowledge to the principal that might affect the principal's decisions, rights, and interests. *Id.* A real estate broker or salesperson who breaches his or her agency fiduciary duty to a purchaser can be liable for damages. *See Robison v. Katz*, 94 N.M. 314, 321, 610 P.2d 201, 208 (Ct.App.), *cert. denied*, 94 N.M. 675, 615 P.2d 992 (1980).

■ A real estate salesperson in New Mexico who is not licensed as a real estate broker must perform statutorily regulated real estate work under the direction of a qualifying real estate broker. Qualifying Broker/Associate Broker/Salesperson—Affiliation and Responsibilities, N.M. Regulation & Licensing Dep't, Real Estate Comm'n Rule 5(B)(1) (Dec.18,1987); *see also* NMSA 1978, § 61–29–2(B) (Repl.Pamp.1988) (describing real estate salesperson as "associated with or engaged under contract either directly or indirectly by or on behalf of a licensed broker"). The real estate salesperson is his or her qualifying broker's agent, an affiliation and responsibility distinct from and in addition to

---

1. Based upon the same events precipitating this action, Moser sued Garcia, Blue Chip, and Lee. Moser obtained a default judgment against Garcia. Blue Chip, now defunct, was never successfully served with process. Moser settled his claims against Lee.

2. Bertram also argues that Moser has not submitted sufficient evidence to demonstrate that Lee was his agent. Because we hold that Bertram did not owe Moser a fiduciary duty even if Lee were Moser's agent, the factual issue of whether Moser and Lee entered a true agency relationship is not material and does not affect our disposition. We assume throughout that Lee was acting as a purchaser's agent for Moser.

the salesperson's various agency relationships with real estate buyers and sellers. Because a real estate salesperson must work under a broker, when a principal buyer or seller engages a real estate salesperson as an agent, the principal also engages the salesperson's qualifying broker as an agent, thus extending the fiduciary duty owed to the principal buyer or seller up the salesperson's chain of command to the broker.

■ Although agency fiduciary obligations and liabilities may extend from a salesperson to the qualifying broker, the fiduciary duties of one real estate salesperson are not attributable to another salesperson operating under the same qualifying broker unless one salesperson is at fault in appointing, supervising, or cooperating with the other. *See* Restatement (Second) of Agency § 358(1) (1958). This rule is based upon application of well-established agency law. The Restatement (Second) of Agency, Section 358(1), states: "The agent of a disclosed or partially disclosed principal is not subject to liability for the conduct of other agents unless he is at fault in appointing, supervising, or cooperating with them." The reporter's notes add:

> The cases are unanimous in holding that a servant or other agent is not liable for the derelictions of fellow workers or other agents of the same principal. In the absence of wrongful directions or wrongful control or some other element involving wrongful conduct, the doctrine of respondeat superior does not apply to agents who are not masters.

Restatement (Second) of Agency § 358 app. at 602 (1984).

■ Here, Moser unsuccessfully attempts to attribute Lee's fiduciary obligations vicariously to Bertram. This cannot be done because Bertram and Lee, fellow employees of Garcia and Blue Chip, are not liable for each other's conduct. There is no evidence that Bertram was at fault in appointing, supervising, or cooperating with Lee, and absent such circumstances,

Bertram cannot be charged with Lee's fiduciary duties or liability resulting from their breach. Moser's contention that "all salespeople employed by a given broker must be bound by all of the fiduciary relationships of that broker" is incorrect.

Our conclusion is supported by recent caselaw from other jurisdictions observed in our research. *See, e.g., Norwest Capital Management & Trust Co. v. United States,* 828 F.2d 1330, 1344 (8th Cir.1987) (stating that "the negligence of an employee will not be imputed to a co-employee in the absence of tortious conduct of his own"); *Northrop v. Lopatka,* 610 N.E.2d 806, 810 (1993) (finding no vicarious liability between two agents of the same principal); *Galvan v. McCollister,* 224 Kan. 415, 580 P.2d 1324, 1325 (1978) (stating that "[t]he universal legal rule is that a servant or other agent is not liable for the dereliction of a fellow worker or agent under agency principles"); *Morgan v. Eaton's Dude Ranch,* 307 Minn. 280, 239 N.W.2d 761, 763 (1976) (finding one employee not liable for another employee's tort absent showing of fault in appointing, supervising, or cooperating with him); *Connell v. Hayden,* 443 N.Y.S.2d 383, 396–402 (1981) (refusing to find vicarious liability between coemployees absent partnership or joint enterprise).

It is worth noting that this case does not involve an issue of dual agency. In a dual agency situation, one agent has fiduciary obligations to two principals with divergent interests, evoking conflict of interest concerns and consequent disclosure requirements. *See, e.g.,* Agency: Relationship, Disclosure and Compensation, N.M. Regulation & Licensing Dep't, Real Estate Comm'n Rule 18, 2 N.M. Reg. No. 24, 56 (Dec. 31, 1991) (explaining disclosure requirements of dual agency). Because Bertram was not Moser's agent and did not owe him a fiduciary duty, either directly or vicariously, Bertram was not an agent for both the seller and the prospective purchaser of the property.[3]

---

3. Because Garcia is not a party and his fiduciary

duties are not attributable in this case to Ber-

Our decision today does not affect New Mexico precedents characterizing the legal obligations of a real estate listing agent to a prospective purchaser, nor diminish the listing agent's legal responsibilities regarding the exercise of reasonable care, the exercise of competence in obtaining or communicating information, and the proper disclosure of defects. *See, e.g., Gouveia v. Citicorp Person–to–Person Fin. Ctr., Inc.,* 101 N.M. 572, 575–77, 686 P.2d 262, 265–67 (Ct.App.1984) (discussing listing broker's legal obligations to prospective purchasers).

Summary judgment is proper when the case presents no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. SCRA 1986, 1–056(C) (Repl.Pamp.1992). This appeal presents no issue of material fact and Bertram is entitled to judgment as a matter of law. The decision of the district court is **AFFIRMED.**

RANSOM, C.J., and MONTGOMERY, J., concur.

tram, we do not determine whether Garcia was a dual agent for Moser and the seller of the property.