Kelly D. GASTON, Respondent,

v.

FAZENDIN CONSTRUCTION,
INC., Appellant.

No. 47491.

Supreme Court of Minnesota.

Jan. 20, 1978.

Sahr, Kunert & Tambornino and John L. Tambornino, Minneapolis, for appellant.

Nemerov Law Offices and Irving Nemerov, Minneapolis, for respondent.

PER CURIAM.

Plaintiff, a lawful entrant of a home being constructed by defendant, was awarded damages for personal injuries sustained in a fall while installing telephone wires in a bedroom wall. Defendant appeals from an order denying its motion for judgment notwithstanding the verdict or a new trial. We affirm the order of the trial court.

On May 4, 1973, appellant was constructing a house in Minnetonka. The exterior was almost complete, and studs for the interior walls were in place. Appellant had made arrangements for the house to be wired for telephones. Respondent, a telephone company employee, was sent to install these wires.

One spot to be wired was about 3 feet from an area in the bathroom of the master bedroom where a hole had been left in the floor to accommodate a sunken bathtub. Normally this hole was covered by a sheet of plywood. On the day of the accident, however, Jeffrey T. Fazendin, appellant's agent, had removed the cover in the morning, intending to do some work around the hole. That afternoon respondent put in the necessary wires. He had to crouch to tie off a wire near the floor; then, rising, he slipped and fell backwards through the hole. He landed on his back on the basement floor, fracturing transverse processes on five vertebrae. As a result he was out of work for 20 weeks. On these facts, the jury attributed to appellant 92.5 percent of the negligence which caused the accident.

Appellant argues that it was entitled to a jury instruction that there is no duty to warn an entrant of known dangers; that a possessor of land is under no duty to correct obviously dangerous conditions for the benefit of lawful entrants; and that it was entitled to a jury instruction on the assumption of risk.

 With respect to the first and second of these points, we held in *Peterson v. W. T. Rawleigh Co.*, 274 Minn. 495, 497, 144 N.W.2d 555, 557 (1966), that a possessor of land could be held liable for injury resulting to a lawful entrant from a known or obvious danger if "*the possessor should anticipate the harm despite such knowledge or obviousness.*" (Italics in original.) In the present case there was ample evidence to support the jury in a finding that appellant should have anticipated the harm which occurred. Moreover, appellant had a continuing duty to keep its premises in safe condition for business visitors. *Bonniwell v. St. Paul Union Stockyards Co.*, 271 Minn. 233, 135 N.W.2d 499 (1965). Thus the trial court's choices, from the Minnesota Jury Instruction Guide, of jury instructions on negligence, on the land-occupier's duty to inspect and repair hazards or warn entrants, and on the entrant's duty to take care for his own safety, were appropriate.

As for an instruction on assumption of risk, our decision in *Springrose v. Willmore*, 292 Minn. 23, 24, 192 N.W.2d 826, 827 (1971), was that secondary assumption of risk should "be recast as an aspect of contributory negligence, meaning that the plaintiff's assumption of risk must be not only voluntary but, under all the circumstances, unreasonable." Accordingly, "[t]he only question for submission in the usual case, we think, will be whether the particular plaintiff was, under the circumstances, negligent in regard to his own safety, for under that general issue counsel may fully argue that issue in all its aspects." (292 Minn. 26, 192 N.W.2d 828.) This was the rule which the trial court properly applied in denying a separate assumption-of-risk instruction in the present case.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.