**August M. BECKMAN, Appellant,**

v.

**V. J. M. ENTERPRISES, INC., Respondent.**

**No. 47563.**

Supreme Court of Minnesota.

July 14, 1978.

Van Evera, Mundt, Koskinen, Clure & Andrew, Duluth, for appellant.

Hanft, Fride, O'Brien & Harries and Tyrone P. Bujold and Richard R. Burns, Duluth, for respondent.

WAHL, Justice.

This case arises out of an action by plaintiff to recover for injuries sustained when he fell down the stairs in defendant's business establishment. The jury apportioned negligence at 68.4 percent to plaintiff and 31.6 to defendant. Damages were fixed in the sum of $73,704.90. On the basis of the

jury's findings, judgment in favor of the defendant was entered. Plaintiff appeals from the order denying his motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff, a retired chief engineer, age 68, on June 11, 1974, went with his wife to defendant's supper club to attend a sales promotion of Arizona land and receive a free meal. His host was the real estate salesman. Plaintiff arrived at the club about 7 p. m. and was directed by a hostess through the kitchen and up a flight of stairs to the second floor. The stairway has a landing near the second floor and then makes a 90 degree turn and proceeds three more stairs leading up to the second floor hallway. The meeting room, plaintiff's destination, was at the end of a 27-foot hallway. Plaintiff encountered no difficulty getting to the meeting room, as it was still daylight and a window located above the stairway as well as light coming through the open door leading into the meeting room provided adequate light. This was plaintiff's first occasion to visit these premises.

At the conclusion of the meeting (there was a conflict in the evidence as to whether it was closer to 9 p. m. or to 10 p. m.), plaintiff had occasion to use the restroom. The restroom was located at the end of the hallway at the top of the stairs. There was no sign to indicate it was a restroom. Prior to plaintiff's leaving for the restroom plaintiff's wife and another lady made a visit to the restroom and returned without mishap.

Plaintiff testified that when he opened the door to leave the meeting room he saw that it was "dark down the hall." After he left the meeting room the door to the meeting room somehow closed behind him, leaving little or no light in the hallway. He did not turn around and go back to open the door because he "had to go to the bathroom." He felt his way along, knowing it was dangerous and not knowing where the restroom was located. As he proceeded along the hallway he fell down the stairs to the landing.

Plaintiff's proof also consisted of the testimony of an architect who stated that there were two light switches, one at the bottom of the stairs and one at the top of the stairs, which activated light fixtures in the hallway. There was no switch to activate the light in the hallway at or near the meeting room. In the architect's opinion this created an unreasonable risk of harm to the plaintiff.

The liability issues were submitted to the jury pursuant to instructions set forth in 4 Hetland & Adamson, Minnesota Practice, Jury Instruction Guides (2 ed.) JIG II 331 G–S and 332 G–S, which define the duty of a possessor to an entrant and the duty of an entrant upon another's premises. These instructions made clear to the jury that plaintiff had a duty to exercise reasonable care for his own safety. Contributory negligence was also submitted. The basis of plaintiff's appeal is that the court charged additionally over objection as follows:

"Assumption of risk is voluntarily placing oneself in a position to chance known hazards. To find that a person assumed the risk, you must find; one, that he had knowledge of the risk; two, that he had a chance to avoid the risk or chance it, and voluntarily chose to chance it. If you find that the Plaintiff assumed the risk in this case, you may consider it in determining his negligence, if any."

The case was submitted to the jury as indicated in *Springrose v. Willmore,* 292 Minn. 23, 192 N.W.2d 826 (1971). No special verdict question was directed to assumption of risk. Plaintiff was precluded from recovering by a jury finding he was negligent in a degree substantially in excess of 50 percent.

■ Plaintiff urges that by submitting that plaintiff had a duty to exercise reasonable care and the additional instructions defining assumption of risk, his negligence was over-emphasized. Plaintiff urges this court abolish the use of the language of assumption of risk in all jury charges.

*Springrose* recognized that the enactment of the comparative negligence statute, Minn. St. 604.01, made it advisable to merge

contributory negligence and assumption of risk and did so. The case held, where a defendant has a duty to exercise ordinary care, that plaintiff's "secondary, express or implied" assumption of risk, as distinguished from "primary" assumption of risk, becomes part of the defense of contributory negligence and is to be measured under the comparative negligence statute, Minn. St. 604.01. Like contributory negligence, assumption of risk as an absolute defense was abolished. Since assumption of risk remains as one aspect of contributory negligence, the jury is to be instructed as to the elements of assumption of risk if, but only if, the evidence creates an assumption of risk issue.

In *Springrose* the court stated that Instruction 135, Minnesota Jury Instruction Guide, remained an appropriate definition of assumption of risk. Knowledge and appreciation of the risk are therefore still essentials of the defense of assumption of risk. Before *Springrose* this court, in considering a case where a man was injured when he went into a dark pit on defendant's property, set forth the knowledge essential to assumption of risk. *Coenen v. Buckman Building Corp.,* 278 Minn. 193, 153 N.W.2d 329 (1967) provides as follows:

"The knowledge required is actual knowledge as distinguished from constructive notice or knowledge. The mere fact that plaintiff would, in the exercise of ordinary care, have known or appreciated the danger is not sufficient. Where the facts are such that plaintiff must have had knowledge, the situation is equivalent to actual knowledge; but where it merely appears that he should or could have discovered the danger, the defense is contributory negligence and not assumption of risk. 65A C.J.S. Negligence § 174(3).

"We said in *Schrader v. Kriesel,* 232 Minn. 238, 247, 45 N.W.2d 395, 400:

" '* * * Notice or knowledge and appreciation of the danger are indispensable to an assumption of risk. *City of Winona v. Botzet* (8 Cir.) 169 F. 231, 23 L.R.A.,N.S., 204. Assumption of risk involves comprehension that a peril is to be

encountered and a willingness to encounter it. It differs from contributory negligence, based on carelessness, by being an exercise of intelligent choice.' "

Further, in *Springrose,* the court said the doctrine of implied assumption of risk "[means] that plaintiff's assumption of risk must be not only voluntary but, under all of the circumstances, unreasonable."

Applying the foregoing principles to the present case, the evidence falls short of proof that plaintiff had the necessary notice and knowledge of the existence of the peril and acted unreasonably. To charge this plaintiff with a recall of the location and possible hazard of the stairs under these circumstances is placing on this plaintiff a burden greater than would be expected of the ordinary reasonable man. Had plaintiff been in the premises on a prior occasion and had familiarity with it, the court would have been justified in charging him with knowledge of the hazard. More recently, this court held in *Parr v. Hamnes,* 303 Minn. 333, 228 N.W.2d 234 (1975) as follows:

"The doctrine of assumption of risk applies to one who voluntarily exposes himself to a known and appreciated risk arising from another's negligence. *Schroeder v. Jesco, Inc.,* 296 Minn. 447, 209 N.W.2d 414 (1973). It is clear from our opinions that the risk must be known to the plaintiff and that he does not assume a risk of which he has no knowledge."

The evidence did not warrant the submission of assumption of risk.

The case is remanded for a new trial on the issue of liability. In that a new trial is ordered, consideration of the ruling on the exclusion of certain evidence is advisable. Plaintiff was prepared to testify that the salesman told him where the restroom was located and that there was a light switch located near the restroom. This was excluded as hearsay. We disagree. The hearsay rule does *not* apply where a relevant, out-out-court statement is introduced merely to prove the fact of its being made, and not to prove the facts stated. *Rhein-*

*berger v. First National Bank of St. Paul,* 276 Minn. 194, 150 N.W.2d 37 (1967). See, Rule 801(c), Rules of Evidence.

Reversed and remanded for a new trial on the issue of liability.