**Eunice M. ADEE, Appellant,**

v.

**Robert EVANSON, d. b. a. Kentucky Fried Chicken, International Falls, Minnesota, Respondent.**

**No. 48583.**

Supreme Court of Minnesota.

June 15, 1979.

Steven A. Nelson, International Falls, Dennis L. Smith, St. Paul, for appellant.

Trenti, Saxhaug, Berger, Carey, Roche, Stephenson & Richards and Tom H. Carey, Virginia, for respondent.

Heard before ROGOSHESKE, YETKA, and STONE, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

In a negligence action arising out of a "slip and fall" on the icy sidewalk of a Kentucky Fried Chicken franchise store, plaintiff, Eunice Adee, appeals from an adverse judgment and from an order denying her alternative motions for judgment notwithstanding the verdict or for a new trial. By special verdict, the jury found neither party negligent and found plaintiff sustained damages in the amount of $2,800. The dispositive issue is whether it was proper to instruct the jury that a store owner has no duty to warn a customer of risks about which the customer had present knowledge and present realization. We hold that this instruction improperly states the duty of a store owner to customers, and we are, therefore, compelled to reverse and remand for a new trial on the issue of liability.

The facts are essentially undisputed. After work on December 11, 1976, plaintiff, a frequent customer, stopped at the Kentucky Fried Chicken franchise store in International Falls to purchase chicken for her family. She parked her car in the lot on the north side of the building and walked on the sidewalk running along that side towards the entryway. The double-door entryway is located several feet to the south on the west side of the building and the sidewalk leading to the entry is somewhat inclined. The incline is relatively gentle, as the doors are approached directly from the west, with a slope ratio of approximately 1 to 12. As the doors are approached from the north, however, the sidewalk is level until a few feet from the doors, where there is a seam in the pavement surrounded by broken and uneven concrete. The pavement leading from this seam to the doors is quite steep, with a slope ratio of approximately 1 to 3. Plaintiff noted that the sidewalk leading to the entryway was extensively covered with hard-packed snow. As she rounded the corner from the north side of the building to the west side, she encountered the uneven concrete and steeper slope and stepped over them to enter the building without mishap.

Plaintiff made her purchase and exited through the northernmost of the double doors, with her purse in her left hand and the purchase in her right. As she proceeded out of the building, she allowed the door to close behind her and turned sharply to the north towards the steeper part of the incline. Plaintiff took one to two steps from the door when her left foot slipped and shot back under her, throwing her forward. She used her right arm to break her fall, but her face hit the concrete and the bridge of her nose was cut. Plaintiff testified that she attributed the cause of her fall to ice or snow accumulated in and around the seam in the concrete.

Subsequently, plaintiff suffered pain in her arm and knee. In late February plaintiff's knee locked or collapsed, at which time she rented crutches and saw Dr. Douglas Johnson. At the suggestion of her son, she saw Dr. Clarence M. Carney, a chiropractor, on March 3, 1977. Dr. Carney referred Mrs. Adee to Dr. H. G. Miller, an orthopedic surgeon, who examined her on May 3, 1977. At trial, Dr. Carney testified that Mrs. Adee had 20 percent permanent partial disability of her left knee. Dr. Miller testified that, at the time of his examination, Mrs. Adee had 30 percent permanent partial disability of her left knee and that, if she were to have surgery, he would anticipate a reduction of her disability to 20 percent. Dr. Charles Mock, who examined Mrs. Adee on behalf of defendant, testified that Mrs. Adee had no disability.

The landmark case of *Peterson v. Balach*, 294 Minn. 161, 199 N.W.2d 639 (1972), abolished the common-law distinction between the duty owed by a landowner to a licensee as opposed to an invitee. In *Peterson* we held that the test to be applied in determining the extent of a landowner's duty is that of reasonable care under the existing circumstances. Despite the holding in *Peterson*, the trial court, over plaintiff's counsel's objection, instructed the jury as follows:

"I tell you also that there is no duty to warn a customer who comes upon the store owner's premises of risks of which the customer himself or herself had present knowledge and present realization."

Defense counsel and the trial court characterized this instruction as based on Restatement, Torts (2d) § 343A(1). A comparison of the above instruction with § 343A(1) reveals a significant difference between the two. Section 343A(1) provides:

"A possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, *unless the possessor should anticipate the harm despite such knowledge or obviousness.*" (Italics supplied.)

This court expressly approved Restatement, Torts (2d) § 343A(1), in *Peterson v. W. T. Rawleigh Co.*, 274 Minn. 495, 497, 144 N.W.2d 555, 557 (1966), stressing in italics the "unless" language. We recently reaf-

firmed the importance of the "unless" language in *Gaston v. Fazendin Construction Inc.*, 262 N.W.2d 434, 435 (Minn.1978). An instruction based on § 343A(1) is, however, inappropriate after Peterson,[1] and the error of giving such an instruction was prejudicial in the absence of the crucial "unless" language. Omitting the "unless" language, while perhaps simply an unfortunate oversight,[2] permitted the improper inference that the store owner owed plaintiff no duty whatever if plaintiff merely knew of the icy condition of the sidewalk. The instruction, even viewing the charge to the jury as a whole, is so likely to convey to the jury an erroneous understanding of a controlling principle of law that we are compelled to grant a new trial. See, *Zurko v. Gilquist*, 241 Minn. 1, 62 N.W.2d 351 (1954).

■ Plaintiff argues that it was error to instruct the jury that it might find that plaintiff assumed the risk of injury. The trial court properly instructed the jury that assumption of risk was to be considered in relation to plaintiff's contributory negligence. See, *Springrose v. Willmore*, 292 Minn. 23, 192 N.W.2d 826 (1971). There was sufficient evidence, at trial, of plaintiff's contributory negligence for the court to exercise its discretion in giving the instruction.

■ The trial court instructed the jury that, while it could consider the expense of future surgery, it could not consider future chiropractic care as an item of damages. Plaintiff argues that it was error to withdraw future chiropractic care from the jury. Dr. Carney, the chiropractor, testified on direct that, without knee surgery, plaintiff would require chiropractic manipulation once every 4 to 6 weeks, indefinitely, at the present cost of approximately $18 per visit. Dr. Carney admitted on cross-examination, however, that if plaintiff had a torn medial meniscus of her knee, surgery would probably be required. Dr. Carney stated that he would agree with the opinion of Dr. Miller, the orthopedic surgeon, if Dr. Miller recommended surgery. Since Dr. Carney had referred plaintiff to Dr. Miller and since Dr. Miller recommended surgery, the trial court ruled that Dr. Carney's testimony regarding the need for future chiropractic care was too speculative to warrant an instruction.

■ Plaintiff has a duty to mitigate damages by acting reasonably in obtaining treatment for her injury. *Couture v. Novotny*, 297 Minn. 305, 211 N.W.2d 172 (1973). The *Couture* case, involving a knee injury, held that, if surgery would mitigate damages and if a reasonable person would undergo surgery, then the jury should consider surgery as a factor which would reduce the award of damages. In the instant

---

1. 4 Minnesota Practice, Jury Instruction Guides (2 ed.), JIG II, 330 G–S and 332 G–S, adequately instruct the jury as to a landowner's and entrant's duties.

   JIG II, 330 G–S provides: "A possessor of land has a duty to use reasonable care to (inspect and repair his premises) or (warn an entrant who comes upon his premises) to protect the entrant from an unreasonable risk of harm caused by the condition of the premises while he is on the premises.

   "In determining reasonable care of the landowner, the following factors may be considered:

   "1. The purpose for which the entrant entered the premises;

   "2. The circumstances under which the entrant entered the premises;

   "3. The use to which the premises is put or expected to be put;

   "4. The foreseeability or possibility of harm;

   "5. The reasonableness of the inspection, repair or warning;

   "6. The opportunity and ease of repair or correction or the giving of the warning."

   JIG II, 332 G–S, provides: "An entrant who enters upon the premises of another has a duty to exercise reasonable care for his own safety while on the premises.

   "In determining reasonable care, you may consider the following factors:

   "1. The purpose for which the entrant entered the premises;

   "2. The circumstances under which the entrant entered the premises;

   "3. The use to which the premises is put or expected to be put;

   "4. The foreseeability or possibility of harm."

2. When requesting the above instruction, defense counsel omitted the "unless" language in quoting to the trial court from Restatement, Torts (2d) § 343A(1), and neither counsel called the court's attention to its importance as declared in *Peterson v. W. T. Rawleigh Co.*, 274 Minn. 495, 144 N.W.2d 555 (1966).

case, plaintiff may not insist on chiropractic care instead of surgery, and thereby aggravate damages, unless the jury could find that a reasonable person would do so. Since no evidence was proffered that a reasonable person in plaintiff's position would continue future chiropractic care and postpone or refuse to undergo surgery, there was no evidence on which to base an instruction on future chiropractic care. Consequently, the court was within its discretion in instructing the jurors that they could not consider future chiropractic care as an item of damages.

Plaintiff raises no other issues which have merit concerning the amount of damages awarded by the jury. The new trial should, therefore, be limited to the issue of liability. See, *Satter v. Turner*, 251 Minn. 1, 86 N.W.2d 85, 66 A.L.R.2d 1178 (1957).

Reversed and remanded for a new trial on the issue of liability.