**Paul W. ZIMMER, Appellant,**

v.

**CARLTON COUNTY CO-OP POWER ASSOCIATION, Respondent.**

No. C9–91–1627.

Court of Appeals of Minnesota.

April 14, 1992.

Review Denied June 10, 1992.

James B. Peterson, Falsani, Balmer, Berglund & Merritt, Duluth, for appellant.

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

Daniel T. Carlisle, Kennedy and Nervig, Wadena, for respondent.

Considered and decided by SCHUMACHER, P.J., KALITOWSKI and STONE,* JJ.

## OPINION

SCHUMACHER, Judge.

Paul W. Zimmer appeals from the trial court's grant of summary judgment in favor of respondent Carlton County Co-op Power Association.

Appellant was injured while working for an independent contractor hired by respondent. Appellant brought a negligence action against respondent, alleging that its failure to supervise the job site, its failure to require adequate safety precautions, and its failure to make sure that its independent contractor was qualified to do the work caused his injuries. The trial court granted summary judgment in favor of respondent. We affirm.

## FACTS

On June 17, 1985, appellant suffered electrical burns while he was performing maintenance on respondent's power lines. At the time of the accident, appellant was working as an employee of Northern Equipment Company, an independent contractor hired by respondent to service the oil circuit reclosures (OCRs) on its power lines. Northern Equipment is not a party to this action.

According to the depositions and answers to interrogatories, on the day the accident occurred, appellant was working with his supervisor, Garald Johnson. Appellant climbed a utility pole to disconnect the OCRs from the pole. Appellant began to disconnect the OCRs and as he did so, he fell onto the energized lightning arrester or an energized line and sustained electrical burns. Johnson did not see the accident

pursuant to Minn. Const. art. VI, § 2.

513 N.W.2d 853, 855 (Minn.1986).

occur because he was in the van preparing his equipment.

Prior to hiring Northern Equipment to service its OCRs, respondent had its own line crews remove and ship the OCRs to a Wisconsin company for servicing. Respondent's own line workers were required to pass a state examination and complete a self-study program prior to performing their job duties. Respondent also required its employees to be familiar with its procedure and safety manuals and to attend regular safety meetings. Respondent's safety director regularly performed field checks on respondent's employees for safety violations. Respondent did not require Northern Equipment or its employees to be qualified in any way, or to follow any of its safety procedures. At the time appellant was injured, he was not following the safety procedures that respondent required of its own workers.

When respondent entered into a contract with Northern Equipment, it checked Johnson's references but never checked appellant's credentials or his experience. Under the contract, Johnson was required to follow a regular schedule, to report his progress to respondent, and to report his location and substation area to respondent. A representative of respondent would periodically check Northern Equipment's progress.

## ISSUES

1. Does a power company owe a duty to an employee of its independent contractor to ensure that the independent contractor is qualified to do the work, hires employees that are qualified, and follows safe procedures?

2. Should power companies be prohibited from hiring independent contractors to service their power lines?

## ANALYSIS

On appeal from a grant of summary judgment, the role of this court is to review whether genuine issues of material fact exist and whether the trial court erred in its application of the law. *Hunt v. IBM Mid Am. Employees Fed. Credit Union,*

384 N.W.2d 853, 855 (Minn.1986). Appellant argues that summary judgment was not appropriate because fact issues existed as to whether respondent was negligent or not.

Before someone can be found negligent it must be established that that person owed a duty to the injured person. *Rasmussen v. Prudential Ins. Co.,* 277 Minn. 266, 269, 152 N.W.2d 359, 362 (1967). Whether one owes a legal duty to another is a question of law to be determined by the court. Keeton, *Prosser and Keeton on Torts* 5th ed. § 37 p. 236. It was therefore appropriate for the trial court to decide the issue of whether a duty existed, and this court must only determine whether the trial court was correct in concluding that respondent did not owe a duty to appellant.

1. The issue of whether respondent owed appellant a duty is related to the extent to which a power company is responsible for accidents that occur on the job site of its independent contractor. It is well-settled that an employer is liable for harm caused to third parties because of the negligence of its independent contractor. *Conover v. Northern State Power, Co.,* 313 N.W.2d 397, 404 (Minn.1981). This vicarious liability does not apply, however, when the injured party is an employee of the independent contractor. *Id.*

Acknowledging that respondent cannot be held *vicariously* liable, appellant contends that respondent should be held *personally* liable for his injuries. He argues that a power company should be held personally liable for injuries incurred by an employee of its independent contractor as a result of the independent contractor's incompetence or its failure to use safe procedures.

The *Conover* court delineated two situations in Minnesota case law in which an employer has been held personally negligent and therefore liable for the injuries of its independent contractor's employees:

This personal negligence * * * may consist of a breach of a duty to exercise reasonably careful supervision of a job-site where employees of the independent contractor are working when the employ-

er retains control or some measure of control over the project. * * * Even where the employer retains no control, he may still owe a duty of care, as a possessor of land, to persons coming on the premises, including the employees of an independent contractor. Ordinarily this duty would be to inspect and warn before turning over the jobsite.

*Conover*, 313 N.W.2d at 401 (citations omitted).

■ Neither of these types of personal negligence applies to this case. In order to be held personally liable because of retained control, the employer must retain "the general control and supervision of the work." *Thill v. Modern Erecting Co.*, 272 Minn. 217, 226, 136 N.W.2d 677, 684 (1965). The facts indicate that respondent did not retain general control over or supervise the OCR repair project. It only made periodic investigations into Northern Equipment's progress. Appellant conceded at the summary judgment hearing that respondent did not retain control. In fact, it is essentially appellant's argument that respondent was negligent in *not* retaining control over the project.

■ The duty imposed on an employer as a possessor of land is to inspect the premises for latent or hidden dangers and then to warn oncomers of those dangers. *See Whirlpool Corp. v. Morse*, 222 F.Supp. 645, 652–53 (1963), *aff'd* 332 F.2d 901 (8th Cir.1964). For example, in *Conover* the power company was liable for an injury which resulted from a severely rotted utility pole. *Conover*, 313 N.W.2d at 402. The court determined that the power company knew or should have known about the dangerous condition of the pole and should have warned the independent contractor's employees about it. *Id.* In contrast, in this case the injury was not caused by a latent or hidden defect in the property but by an inherent and known danger of the property. Respondent had no duty to warn appellant of the dangers involved with power line work.

Because appellant's claim does not correspond to any previously established duty, he is asking this court to expand the law to hold an employer personally liable for injuries caused by its independent contractor's

incompetence or failure to follow safe procedures. The only Minnesota case which has addressed this type of claim is *Schip v. Pabst Brewing Co.*, 64 Minn. 22, 66 N.W. 3 (1896). In *Schip*, the owner of a building hired an independent contractor to tear it down. The owner knew that the work was dangerous and required special skill and that the contractor did not possess the necessary skill. In reviewing a claim against the owner by the contractor's employee, the *Schip* court said:

There are many cases which hold that the owner of premises cannot, by employing a contractor, relieve himself from the continuing duty which he owes to the public, * * * [b]ut we can find no case which holds that the owner owes any such duty to the servant of the independent contractor.

*Id.* at 24, 66 N.W. at 5. The *Schip* court held that the owner was not liable for the injuries of the independent contractor's employee.

■ Appellant contends that because of the hazardous nature of power line work, the type of duty which the supreme court refused to impose on the employer in *Schip* should be imposed on power companies. We decline to impose such a duty. An independent contractor of a power company has its own nondelegable duty to its employees to use safe procedures. *See Baumgartner v. Holslin*, 236 Minn. 325, 327, 52 N.W.2d 763, 765 (1952). If we were to impose a duty on a company to make sure that its independent contractor uses safe procedures, then we would, in effect, impose a duty on the company to make sure that its independent contractor does not negligently injure its employees. Imposing such a duty would be the same as holding the company *vicariously* liable for its independent contractor's negligence. This is the kind of liability that the supreme court has specifically refused to impose on power companies. *See Conover v. Northern States Power Co.*, 313 N.W.2d 397, 403–4 (Minn.1981).

■ We also decline to expand the law to impose a duty owed to a power company's independent contractor's employees to en-

sure that its independent contractor is competent and qualified. As the law exists, power companies do owe this duty to third parties. *See Conover,* 313 N.W.2d at 404. We see no need to expand it to employees of independent contractors. An employee has control over where and for whom he chooses to work, and if he chooses to work for an independent contractor that is incompetent and unqualified, he, rather than the employer of the independent contractor, should have to bear the burden of that decision. Third parties who are injured by the negligence of an independent contractor do not have such control, and are entitled to compensation from the entity which hired the incompetent or unqualified contractor.

▮ 2. Appellant argues that, for policy reasons, power companies should be prohibited from hiring independent contractors to service power lines. Such a rule, if desirable, cannot be instituted by the judiciary. The place for appellant to pursue this request is with the legislature or the agency governing power companies.

### DECISION

Summary judgment was appropriate because respondent owed no duty to appellant to use due care in hiring and supervising its independent contractor.

Affirmed.