Marlys SUTHERLAND, Trustee for
the Heirs of Rene Sutherland,
Decedent, Appellant,

v.

Tom BARTON, Defendant.

WALDORF CORPORATION, Defendant
and Third–Party Plaintiff,
Respondent,

v.

MUSKA ELECTRIC CO., Third–Party
Defendant, Respondent.

No. C7–96–2018.

Court of Appeals of Minnesota.

March 11, 1997.

Review Granted April 15, 1997.

Mitchell R. Spector, Abrams & Spector, P.A., Minneapolis, for Appellant.

Michael S. Kreidler, Stich, Angell, Kreidler, Brownson & Ballou, P.A., Minneapolis, for Respondent Waldorf Corp.

Thomas L. Garrity, Law Offices of Thomas J. Christenson, Minneapolis, for respondent Muska Electric Co.

Considered and decided by NORTON, P.J., and HUSPENI and FOLEY,*JJ.

## OPINION

NORTON, Judge.

Rene Sutherland died at respondent Waldorf Corporation's plant while working for Muska Electric, an independent contractor hired by Waldorf. Marlys Sutherland, as trustee for the heirs of decedent Rene Sutherland, brought a wrongful death action against Waldorf, alleging that Waldorf negligently created an unreasonably dangerous condition by requiring Rene Sutherland to work near electrified, exposed bus bars. The trial court granted summary judgment in favor of Waldorf. We reverse and remand.

---

\* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 2.

## FACTS

Rene Sutherland was an experienced journeyman electrician employed by Muska Electric, third-party defendant. At the time of his death, Sutherland was working in respondent Waldorf's manufacturing facility. The work was done pursuant to the terms of a Master Maintenance Contract between Waldorf and Muska that had been in effect since 1988. Waldorf communicated its needs to Muska by work order, and generally the method of carrying out the work orders was left to Muska.

At the time of the accident, Sutherland and another Muska employee were preparing to install electrical conduit as part of a larger job of converting the controls of the plant machinery to a computerized system. This particular installation was dangerous because it involved running the conduit within one foot of exposed bus bars, solid copper bars, a quarter inch thick, measuring three to four inches wide and carrying 480 volts of electrical current. The bus bars were suspended from the ceiling at a height that would normally be out of reach except by ladder. The area of installation was in one of the last rooms of the plant to still have the older, more dangerous bus bar power system.

Prior to the installation, two Muska employees enveloped the exposed bus bars in insulation blankets and applied yellow caution tape to the entire area. Thoemke, Sutherland's supervisor, and McEnery, Muska's project supervisor, inspected the insulation before work began. Sutherland had 30 years experience as an electrician, and all deposition testimony indicated that he would have known and realized the danger of working near the bus bars. Sutherland was standing on a ladder attempting to measure the length of the conduit when his metal measuring tape came in contact with the bus bar causing an explosion that killed Sutherland.

Turning the power off to the bus bars would have made the job safer. Muska foremen knew, however, that cutting off power to the installation area would shut down a significant part of the plant. Thoemke recalled discussing cutting of the power with Waldorf representatives at a preconstruction meeting for the project in early December 1994.

Sutherland's accident occurred on January 30, 1995.

The trustee brought a wrongful death action on behalf of Sutherland. She claimed that Waldorf was negligent by refusing to shut the power off to the area where Sutherland was working, and creating an unreasonably dangerous condition that required him to work near energized, exposed bus bars. Waldorf moved for summary judgment, claiming that it owed Sutherland no duty. The district court granted Waldorf summary judgment and dismissed the trustee's claims. Because the trustee's claims against Waldorf were dismissed, the district court also dismissed Waldorf's third-party claims against Muska.

## ISSUES

I. Did Waldorf, as the owner of the premises, owe a duty of reasonable care to protect Sutherland from an unreasonably dangerous condition on its premises?

II. Did Waldorf, who retained limited control over the performance of repairs, owe a duty to Sutherland to act reasonably in exercising that retained control?

## ANALYSIS

On appeal from summary judgment, we determine whether there are there any genuine issues of material fact and whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The trustee argues that Waldorf owed a duty to Sutherland to exercise reasonable care and that fact issues of breach and cause prohibit summary judgment.

In order to prevail on a negligence claim, the trustee; must establish the following: (1) the existence of a duty of care; (2) a breach of that duty; (3) an injury and damages; and (4) that breach of the duty was the proximate cause of the injury. *Lubbers v. Anderson*, 539 N.W.2d 398, 401 (Minn.1995). Duty is the legal obligation to conform to a particular standard of conduct to another.

*Rasmussen v. Prudential Ins. Co.*, 277 Minn. 266, 268, 152 N.W.2d 359, 362 (1967). The determination of duty is a legal question reviewed de novo by this court. *Germann v. F.L. Smithe Mach. Co.*, 395 N.W.2d 922, 924 (Minn.1986).

The district court in this case ruled that Waldorf owed Sutherland no duty. In its memorandum, the court explained that these facts could not give rise to liability because the danger of high voltage bus bars was obvious to Sutherland, and therefore Waldorf was relieved of its duty to warn. Implicit in the court's statement that Waldorf was relieved of its duty is the conclusion that it did owe a duty to Sutherland.

■ An employer of an independent contractor can be liable for its personal negligence that causes injury to the independent contractor's employee.[1] *Zimmer v. Carlton County Co-op. Power*, 483 N.W.2d 511, 513 (Minn.App.1992), *review denied* (Minn. June 10, 1992) (citing *Conover v. NSP*, 313 N.W.2d, 397 (Minn.1981)). The *Conover* court held that an employer, as a possessor of land, had a duty to protect an employee of an independent contractor from an unreasonable risk of harm caused by the condition of the premises. *Conover*, 313 N.W.2d at 406.

■ Moreover, a possessor of land is liable for known and obvious dangers if "the possessor should anticipate the harm despite such knowledge or obviousness." *Baber v. Dill*, 531 N.W.2d 493, 495–96 (Minn.1995) (applying and quoting *Restatement (Second) of Torts* § 343A (1965)).

Such reason to expect harm * * * from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he * * * will forget * * *, or fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. In such cases the fact that the danger is known, or is obvious, is important in determining whether the invitee is to be charged with contributory negligence, or assumption of risk. * * * It is not, however, conclusive in determining the duty of the possessor, or whether he has acted reasonably under the circumstances.

*Restatement (Second) of Torts* § 343A, comment f (1965). Under these circumstances, a possessor's duty of reasonable care may require it to take reasonable steps to protect the entrant. *Id.; accord Whirlpool Corp. v. Morse*, 222 F.Supp. 645, 653 (D.Minn.1963), *aff'd* 332 F.2d 901 (8th Cir.1964) (employer owed duty to employee of independent contractor to make safe an unreasonably dangerous condition on its premises).

In *Gaston v. Fazendin Constr., Inc.*, 262 N.W.2d 434 (Minn.1978), a telephone company employee brought an action against a construction company for injuries he received in a fall while installing telephone wires in a home being constructed by the construction company. The plaintiff had to install the telephone wire within three feet of a hole in a floor, created to accommodate a bathtub. *Id.* at 435. The construction company's agent left the hole uncovered before plaintiff arrived to make the telephone installation. *Id.* After crouching to tie off a wire near the floor, plaintiff rose, slipped and fell backwards into the hole. *Id.* Although the dangerous condition was obvious, the possessor was liable to the employee/plaintiff because the harm which occurred was foreseeable. *Id.*

■ Here, the trustee alleges facts similar to those in *Gaston*. Sutherland entered Waldorf's premises to install conduit in close proximity to an obviously dangerous condition. The danger of exposed energized bus bars was created by Waldorf. Sutherland, through his employment, encountered the danger. Under these facts, Waldorf, as a possessor of the premises, was not relieved of its duty of reasonable care to Sutherland, even though the danger was open and obvious. *Id.; compare Baber*, 531 N.W.2d at 495–96 (holding possessor owed no duty to

---

1. Our decision relies on Waldorf's personal negligence. *Schip v. Pabst Brewing Co.*, 64 Minn. 22, 66 N.W. 3 (1896), relied on by the dissent, refused to impose vicarious liability.

independent contractor's employee for open and obvious hazard when employee helped create the hazard).

The district court misapplied the law by limiting its consideration to the obviousness of the danger. *See Adee v. Evanson*, 281 N.W.2d 177, 179–80 (Minn.1979) (relieving possessor of duty based on obviousness of danger is error if court does not also consider whether possessor should anticipate harm in spite of obviousness). While the distinction between an obvious danger for which the possessor should anticipate harm and an obvious danger for which the possessor should not anticipate harm is a fine one, it is one the trial court must make when determining the duty issue. *See Baber*, 531 N.W.2d at 496.

The fact that Sutherland proceeded to encounter the danger does not necessarily relieve Waldorf of its duty, because there may be an issue of contributory negligence or assumption of the risk. A landowner may be relieved of a duty it otherwise owes to an entrant if the entrant primarily assumes the risk. *Armstrong v. Mailand*, 284 N.W.2d 343, 351 (Minn.1979). We note that Waldorf included the defense of assumption of the risk in its answer but did not raise the issue in its motion for summary judgment. Accordingly, we do not address this issue. Further, the skill and sophistication of the independent contractor will not necessarily relieve the possessor of its duty, but is one factor that the trier of fact may consider when deciding if the possessor acted reasonably under the circumstances. *Conover v. Northern States Power Co.*, 313 N.W.2d 397, 406 n. 7 (Minn.1981).

We also hold that Waldorf owed Sutherland a duty based on its retained control over the manner of performance of repairs. Waldorf retained limited control by communicating to Muska that the electricity in the plant would not be cut off for this project. An employer who retains control over any part of the work entrusted to an independent contractor must act reasonably in the exercise of that control. *See Conover*, 313 N.W.2d at 401; *Vagle v. Pickands Mather & Co.*, 611 F.2d 1212, 1217 (8th Cir.1979) (applying Minnesota law); *Restatement (Sec-*

*ond) of Torts*, § 414. Accordingly, Waldorf could be responsible for any personal negligence resulting from a breach of that duty. *Accord Vagle*, 611 F.2d at 1217; *Petznick v. United States*, 575 F.Supp. 698, 707 (D.C.Nebr.1983) (employer acted unreasonably by allowing employee of independent contractor to work on and in close proximity to energized lines). *Compare Zimmer*, 483 N.W.2d at 514 (holding employer owed no duty to employee of independent contractor where no claim was made that employer retained control over how repairs would be done and no claim that condition of premises was unreasonably dangerous).

Our decision is based on the theory that Waldorf may be directly liable for its own personal negligence. In addition to recognizing an employer's direct liability for its personal negligence, *Conover* and *Zimmer*, also relied on by the dissent, refused to impute liability to an employer for the negligent conduct of its independent contractor that caused injury to the independent contractor's employee. *See Conover*, 313 N.W.2d at 405 (employer should not be held vicariously liable to someone who is injured while under direction and control, as employee, of independent contractor if it was independent contractor who created danger); *Zimmer*, 483 N.W.2d at 514 (refusing to impose duty on company to make sure that its independent contractor uses safe procedures; effect would be to impose vicarious liability on company for negligence of independent contractor). Because we rely on direct liability for personal negligence and not imputed or vicarious liability, our decision does not change the law and is consistent with those Minnesota cases relied on by the dissent.

## DECISION

We hold that the facts as alleged by appellant establish that respondent owed Sutherland a duty of reasonable care, and we reverse the grant of summary judgment on this narrow basis. We do not address or consider the other necessary elements of appellant's negligence claim: breach of duty and causation.

**Reversed and remanded.**

FOLEY, Judge (Dissenting)

I respectfully dissent. Since *Schip v. Pabst Brewing Co.,* 64 Minn. 22, 66 N.W. 3, 4 (1896), it has been the consistent holding in Minnesota, as expressed in *Schip,* that

> [t]here are many cases which hold that the owner of premises cannot, by employing a contractor, relieve himself from the continuing duty which he owes to the public, * * * [b]ut we can find no case which holds that the owner owes any such duty to the servant of the independent contractor.

This language was quoted with approval in a published opinion and followed by the court in *Zimmer v. Carlton County Co-op. Power,* 483 N.W.2d 511, 514 (Minn.App.1992), *review denied* (Minn. June 10, 1992). *See also Conover v. Northern States Power Co.,* 313 N.W.2d 397, 403–04 (Minn.1981). For federal cases adhering to this rule, *see Olson v. Pennzoil Co.,* 943 F.2d 881, 883 (8th Cir. 1991) (employee of independent contractor owes no duty to independent contractor's employees); *Wells v. General Electric Co.,* 807 F.Supp. 1202, 1205 (D.Md.1992) (same).

I would affirm.