# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 96-3294

———————

Gertrude D. Woodbeck,  *
                       *
        Appellant,     *
                       *
    v.                 *  Appeal from the United States
                       *  District Court for the
Wal-Mart Stores, Inc., sued as  *  District of Minnesota.
"Wal-Mart Store, Inc.",  *
                       *      [UNPUBLISHED]
        Appellee.      *

———————

Submitted:  May 8, 1997

Filed: May 13, 1997

———————

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

———————

PER CURIAM.

Gertrude Woodbeck appeals the district court's[1] entry of judgment for Wal-Mart on a jury verdict and denial of her motion for a new trial in her diversity action.  We affirm.

Woodbeck filed this action in the district court against Wal-Mart Stores, Inc. (Wal-Mart), seeking to recover for injuries she sustained on February 3, 1994, when she slipped and fell on a patch of ice in the parking lot of Sam's Club in White Bear Lake, Minnesota, which is owned and operated by Wal-Mart.  Woodbeck

———————

[1]The Honorable John M. Mason, United States Magistrate Judge for the District of Minnesota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

alleged that Wal-Mart negligently failed to properly maintain its premises by clearing its front entryway of ice and snow, causing her injuries.

The court submitted an assumption-of-risk instruction to the jury, in addition to negligence instructions, and included on the special verdict form a question asking whether Woodbeck assumed the risk of injury, in addition to questions regarding each party's negligence and fault. The jury returned a verdict in favor of Wal-Mart, finding that Woodbeck had assumed the risk of injury but was not negligent, and that Wal-Mart was not negligent. Woodbeck moved for a new trial, arguing that the court erred in giving the assumption-of-risk instruction because she did not primarily assume the risk; the district court denied the motion.

The district court has broad discretion in formulating jury instructions, and this court will reverse only when the instructions, viewed in their entirety, contained an error that affected the substantial rights of the parties. See Ryther v. KARE 11, 108 F.3d 832, 846 (8th Cir. 1997) (en banc), petition for cert. filed, 65 U.S.L.W. 3694 (U.S. Apr. 4, 1997) (No. 96-1571). Even if a portion of the instruction is technically incorrect, this court will not reverse if the jury had an understanding of the issues and its duty to determine those issues, and it was not misled by the instruction. See Gray v. Bicknell, 86 F.3d 1472, 1485 (8th Cir. 1996).

Minnesota recognizes two kinds of assumption of risk defenses -- primary and secondary. See Andren v. White-Rodgers Co., 465 N.W.2d 102, 104 (Minn. Ct. App. 1991). Secondary assumption of risk is a form of contributory negligence, see Wagner v. Thomas J. Obert Enters., 396 N.W.2d 223, 226 (Minn. 1986), and does not bar a plaintiff from recovering, as primary assumption of risk does,

see <u>Piotrowski v. Southworth Prods. Corp.</u>, 15 F.3d 748, 753 (8th Cir. 1994).

Even assuming, as Woodbeck argues, that she could not have been found to have primarily assumed the risk, the district court did not abuse its discretion in submitting the assumption-of-risk instruction to the jury. <u>See</u> <u>Adee v. Evanson</u>, 281 N.W.2d 177, 180 (Minn. 1979) (standard of review). Neither the assumption-of-risk instruction nor the question on the verdict form indicated that primary assumption of risk was involved, and there is no indication that the finding that Woodbeck assumed the risk acted as a complete bar to recovery. The jury was also instructed on negligence, and the verdict form instructed the jury to consider the parties' negligence regardless of its answer to the assumption of risk question. <u>Cf.</u> <u>id.</u> (assumption-of-risk instruction properly given where trial court instructed it was to be considered in relation to plaintiff's contributory negligence); <u>Beckman v. V.J.M. Enters., Inc.</u>, 269 N.W.2d 37, 39 (Minn. 1978) (assumption of risk remains one aspect of contributory negligence; instruction proper if evidence creates assumption of risk issue).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-