[redacted]

**WHIRLPOOL CORPORATION, a Delaware Corporation, Appellant,**

**v.**

**Leland S. MORSE and Arthur Kraniger, Jr., Co-partners Doing Business as Morse Tuckpointing Co., and Morse Tuckpointing Co., Inc., a Minnesota Corporation, Appellees.**

**No. 17524.**

United States Court of Appeals Eighth Circuit.

June 19, 1964.

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

James P. Miley, of Firestone, Fink, Krawetz, Miley & O'Neill, St. Paul, Minn., made argument for appellant and filed brief.

James H. Geraghty, of Altman, Geraghty & Mulally, St. Paul, Minn., made argument for appellees and filed brief.

Before VOGEL, MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

Plaintiff-appellant brought this action against defendants-appellees, who were repair contractors doing work on property owned by appellant. By the action, appellant sought indemnification for, or contribution toward, a settlement it had made with one of the appellees' employees. Appellees' employee had brought suit against the appellant to recover money damages for injuries sustained in a fall on appellant's premises, basing his claim on negligence. Prior to trial appellant or its liability insurance carrier made a compromise settlement with the employee in the amount of $40,000. It brought this suit against appellees to recover such sum, or a contribution thereto, plus $10,241.38 representing legal services and expenses incurred in preparing for and settling the suit against it.

This case was tried to the court without a jury and resulted in a judgment in favor of the appellees and against the appellant for costs and disbursements. In ordering judgment for the appellees, the District Court found that the appellant, as the property owner, had full and complete knowledge and notice of the dangerous condition of its premises which resulted in the employee's injury and specifically held that appellant's negligence was the proximate cause of the employee's fall and his injuries. It further held that the failure of the appellees, who had agreed to comply with all statutes and safety regulations of the State of Minnesota to assure that safety lines and other safety equipment were taken to the building and used by the employees, was not a proximate cause of the injuries and that appellant could recover on neither the theory of indemnity nor contribution between two joint tort feasors.

Appellant had also contended below that since appellees had offered to provide "complete insurance coverage", it breached its contract in that its insurance policies did not contemplate defense of third parties against suits such as brought by appellees' employee. The District Court concluded as a matter of law that appellees did not breach the contract in this regard and, in dismissing this argument, noted that prior to commencement of the repair operation appellant had requested to see appellees' certificates of insurance and thus was then "cognizant of the [appellees'] precise insurance coverage". Whirlpool brought this appeal, questioning the District Court's findings and conclusions.

The District Court's complete Findings of Fact, Conclusions of Law and detailed Memorandum Opinion are published in Whirlpool Corporation v. Morse, D.C. Minn., 1963, 222 F.Supp. 645. Judge Larson has, with infinite care, set forth the contentions of the parties, his findings and conclusions arrived at, and the Minnesota law by which the case was ruled. Because we are in complete accord with Judge Larson's excellent published opinion, we find no reason for reiterating here that which he has so ably set forth. On the basis of that opinion, this case is affirmed.