Orin OLSON, Appellant,

v.

**RED WING SHOE COMPANY, Inc., a Minnesota Corporation, Appellee.**

No. 71–1399.

United States Court of Appeals,
Eighth Circuit.

March 13, 1972.

Russell M. Spence, Robins, Meshbesher, Singer & Spence, Minneapolis, Minn., for appellant.

James G. Nye, Jr., Nye, Johnson & Bauer, Minneapolis, Minn., for appellee.

Before MATTHES, Chief Judge, and LAY and ROSS, Circuit Judges.

PER CURIAM.

The plaintiff, Orin Olson, was a block layer for Geo. W. Olson Construction Company, a general contractor, employed by the owner-defendant, Red Wing Shoe Company, Incorporated, to build a warehouse in Red Wing, Minnesota. During the course of construction plaintiff was seriously injured by the collapse of a concrete block wall. Plaintiff sued the owner and the architect of the building. Olson Construction Company could not be sued directly by reason of its exclusive liability under the Minnesota Workmen's Compensation Act. A special jury verdict was returned finding the wall collapse was due to 100 percent negligence on the part of the general contractor. Thus judgment was rendered in favor of the defendant, Red Wing Shoe Company, Inc. The trial court refused to set aside the verdict and this appeal followed.

On appeal the plaintiff urges that the trial court refused to instruct the jury that the defendant, Red Wing Shoe Company, Inc., could be found liable under § 416 of the Restatement (Second) of Torts (1965).[1] Both parties agree that Minnesota law governs the action.

---

1. Section 416 reads:

"One who employs an independent contractor to do work which the employer should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise."

The trial judge, the Honorable Philip Neville, in a well reasoned opinion held § 416 of the Restatement not applicable to the facts. Olson v. Kilstofte and Vosejpka, Inc., 327 F.Supp. 583 (D.Minn. 1971). We affirm the judgment of the district court for the reasons set forth in its opinion.

Judgment affirmed.