DOUGLAS HILLMAN, A MINOR, BY HARRIS
HILLMAN, HIS FATHER AND NATURAL
GUARDIAN, AND ANOTHER v. LaDON
ELLINGSON AND OTHERS.
LYLE WALLIN, APPELLANT.

215 N. W. 2d 810.

February 22, 1974—No. 43651.

*William J. Nierengarten,* for appellant.

*F. Martin Senn,* for respondent Ellingson.

*Hoversten, Strom & Ryan, Kenneth M. Strom,* and *Craig Johnson,* for respondent Kleven.

Heard before Knutson, C. J., and Kelly, Todd, and MacLaughlin, JJ., and considered and decided by the court.

KELLY, JUSTICE.

This action was brought on behalf of Douglas Hillman, a minor, (hereafter plaintiff) to recover for personal injuries resulting from the horseplay of other students on a schoolbus, and by his father, Harris Hillman, to recover consequential damages. The suit was against Lyle Wallin, the driver of the schoolbus, and LaDon Ellingson and Ronald Kleven, the student passengers who caused the injury. Defendant Wallin cross-claimed against both Ellingson and Kleven, seeking indemnity or contribution. The jury apportioned the negligence of Wallin at 76 percent and Ellingson and Kleven at 12 percent each. Wallin appeals from denial of his motion for a new trial. We reverse and remand.

The incident causing plaintiff's injury occurred during the regular bus trip carrying students to their homes after school on April 8, 1969. The customary route of the bus after leaving the Glenville School was to proceed about 4 1/4 miles to a nearby grade school, a trip normally lasting about 12 minutes. Shortly after this trip began, a number of students on the bus began playing with a 1/4-inch plastic hose about 3 feet in length. Ellingson, an 18-year-old high school student, had brought the hose onto the bus concealed in his pocket. Ellingson and Kleven were seated near the rear of the bus while plaintiff was seated nearer the front. Kleven walked toward the front of the bus, stretching the hose with Ellingson holding the other end. When Kleven got to within 3 or 4 feet of the driver, the hose broke and struck plaintiff in the eye.

Wallin became aware of the plastic hose after the bus trip had begun. The bus was equipped with a large interior mirror which enabled the driver to see most students in the bus. Wallin observed Kleven stretching the hose down the aisle. Wallin, who had driven a schoolbus since September of 1966 and had driven this same route for 3 years, knew it was his responsibility to

maintain discipline on the bus but made no effort to do so until reaching the stopping point at the grade school. He testified that at the time of the injury, his attention was directed at semi-tractor traffic approaching him and a line of vehicles following him.

Wallin contends that the trial court erred in deciding that he was not entitled to indemnity from Ellingson and Kleven. We hold that Wallin was entitled to indemnity from Ellingson and Kleven. Our holding on this issue is dispositive of the appeal and there is no point in discussing other issues raised.

Wallin cross-claimed against the two student defendants to recover contribution or indemnity for any liability incurred by reason of their negligence in injuring plaintiff. The trial court permitted the jury to apportion the negligence of the defendants and it found Wallin 76 percent and the two students each 12 percent negligent. The trial court did not rule on the bus driver's cross-claim.

Contribution and indemnity are both equitable remedies to provide restitution to a tortfeasor based on the degree of his culpability for a negligent act. The remedies differ in the character and amount of restitution allowed a joint tortfeasor.

"* * * Contribution is appropriate where there is a common liability among the parties, whereas indemnity is appropriate where one party has a primary or greater liability or duty which justly requires him to bear the whole of the burden as between the parties." Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 371, 104 N. W. 2d 843, 847 (1960); Haney v. International Harvester Co. 294 Minn. 375, 378, 201 N. W. 2d 140, 142 (1972).

Wallin does not have a right to contribution from the students because there is no common liability for plaintiff's injuries. Wallin is liable only because of his failure to exercise reasonable care to prevent injuries caused by his student passengers. In Hendrickson v. Minnesota Power & Light Co. 258 Minn. 368, 373,

104 N. W. 2d 843, 848 (1960), we approved of a tortfeasor's receiving indemnity "[w]here the one seeking indemnity has incurred liability merely because of failure, even though negligent, to discover or prevent the misconduct of the one sought to be charged."[1]

Indemnity is permitted in some instances in favor of one wrongdoer because his negligence is imputed or vicarious.[2] Thus, we said in Keefer v. Al Johnson Const. Co. 292 Minn. 91, 100, 193 N. W. 2d 305, 310 (1971): .

"* * * The right of indemnity inures to a person who, without active fault on his part, has been compelled by reason of a legal obligation to pay damages occasioned by the initial negli-

---

[1] Bjorklund v. Hantz, 296 Minn. 298, 208 N. W. 2d 722 (1973); Keefer v. Al Johnson Const. Co. 292 Minn. 91, 193 N. W. 2d 305 (1971); Kenyon v. F.M.C. Corp. 286 Minn. 283, 176 N. W. 2d 69 (1970).

[2] Prosser, Torts (3 ed.) § 48, states: "Thus it is generally agreed that there may be indemnity in favor of one who is held responsible solely by imputation of law because of his relation to the actual wrongdoer, as where an employer is vicariously liable for the tort of a servant or an independent contractor; or an innocent partner or carrier is held liable for the acts of another, or the owner of an automobile for the conduct of the driver. Likewise where one is directed or employed by another to do an act not manifestly wrong, or is induced to act by the misrepresentations of the other, he is uniformly entitled to indemnity when a third party recovers against him.

* * * * *

"There is in addition considerable authority that one whose negligence has consisted of mere passive neglect may have contribution from an active wrongdoer. This may possibly have been derived originally from common law notions of misfeasance as a greater wrong than nonfeasance. Carrying it to its logical conclusion, it has been suggested that one who has been merely negligent may have indemnity from another who has been guilty of intentionally wrongful or reckless conduct. There is, however, no visible support for such a proposition, other than the obvious fact that there can be no indemnity in favor of the intentional tortfeasor himself. Finally, it has even been held that the doctrine of the last clear chance is to be applied to permit indemnity for the earlier liability against the later." (Footnotes omitted.)

gence of another and for which he himself is only secondarily liable. Here, the negligence of the subcontractor was active and primary as opposed to negligence of the contractor, which was not morally culpable but merely constructive, technical, imputed, or vicarious."

In the case before us, the jury found that the bus driver was negligent in failing to properly supervise the children on the bus. Although he is legally responsible for injuries caused by student passengers which he could have prevented by using ordinary care, he is only secondarily liable for their negligent acts. We regard Ellingson and Kleven as being primarily liable.[3] We might also characterize the negligence of the driver as "passive" and the wrongdoing of Ellingson and Kleven as "active."[4]

In some cases indemnity has been denied because the wrongdoers are in "pari delicto."[5] It seems appropriate to look at the other side of that coin, and ask: If the wrongdoers are not equally at fault, then what? The obvious answer is to look at their conduct and determine if fairness and justice would dictate that indemnity be awarded to the one least at fault. All of which is just another way of saying that we should look to the relative culpability of the conduct of the wrongdoers.

In White v. Johnson, 272 Minn. 363, 368, 137 N. W. 2d 674, 677 (1965), this court stated that "whether indemnity or contribution possibly lies in this case depends on the conduct of the two wrongdoers and the relative culpability of their actions." As pointed out in 53 Minn. L. Rev. 1078, 1082, "[t]his language seems to indicate the essentially equitable nature of indemnity, which precludes the use of strict standards and which requires

---

[3] See, Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. 140 Minn. 229, 231, 167 N. W. 800, 801 (1918); Larson v. City of Minneapolis, 262 Minn. 142, 148, 114 N. W. 2d 68, 73 (1962).

[4] Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. *supra.*

[5] Fidelity & Cas. Co. v. Northwestern Tel. Exch. Co. *supra;* Larson v. City of Minneapolis, *supra.*

courts to examine carefully both parties' conduct in light of general notions of justice."

Thus, given the facts of this case, if we look to one of the guidelines of Hendrickson, or describe the duty and hence the liability of the bus driver as "secondary" and that of the two students as "primary," or characterize the negligence of the bus driver as passive and that of the two students as active, or determine that the wrongdoers are not in pari delicto, or if we look to the relative culpability of the parties, we conclude that indemnity should be awarded. All of these principles are merely attempts to establish guidelines leading to the ultimate goal of doing justice. So far, no one has come up with a complete answer and we will have to permit indemnity on a case-by-case basis where our sense of fundamental fairness seems to require it.

It follows from our decision on the indemnity issue that because of the difference in the nature of the legal responsibility of defendants for plaintiff's injuries, it was improper for the trial court to permit the jury to compare the negligence of Wallin with that of the students. In a claim for contribution between joint tortfeasors under a common liability, the respective liability is now apportioned under the comparative negligence statute according to their respective degrees of negligence. But in cases of indemnity, the comparison of negligence of parties who are primarily and secondarily liable for the injury is improper. Bjorklund v. Hantz, 296 Minn. 298, 208 N. W. 2d 722 (1973). Speaking to this point, we said in Keefer v. Al Johnson Const. Co. 292 Minn. 91, 101, 193 N. W. 2d 305, 311 (1971):

"* * * [T]he trial court was in error to instruct with reference to comparative negligence as it related to the third-party actions [for indemnity] between contractor and the subcontractor and to submit questions in the special verdict which would cast them in the situation of joint tortfeasors, as if they were both liable in contribution. * * * Where there are elements of primary and secondary liability—which is ordinarily a question of law for the court—indemnity shifts the entire loss from one

tortfeasor, who has been compelled to pay, to the shoulders of another who should bear it instead. Hanson v. Bailey, 249 Minn. 495, 83 N. W. 2d 252 (1957); Thill v. Modern Erecting Co. *supra*. It should also be kept in mind that the difference between primary and secondary liability, as used in determining the right of indemnity, is based, not on a difference in degrees of negligence or on any doctrine of comparative negligence, but on the difference in the character or kind of wrongs which caused the injury and in the nature of the legal obligation owed by each wrongdoer to the injured person."

In the present case, the jury should not have been permitted to compare the negligence of the bus driver with the negligence of those primarily liable for plaintiff's injuries. Once the jury found the bus driver negligent, he is 100 percent responsible for his negligence but only in the posture of secondary liability. Although the jury was improperly comparing the negligence of these three defendants, it found each student defendant equally negligent at 12 percent each. Under these circumstances, the only fair and reasonable conclusion is that, had the jury not been comparing the negligence of Wallin, they would have found each student 50 percent primarily responsible for plaintiff's injuries.

We reverse and remand the case to the trial court with directions to amend its findings so as to find Ellingson and Kleven each 50 percent primarily negligent and Wallin 100 percent secondarily negligent. We also direct that Wallin is entitled to complete indemnity on his cross-claim against the student defendants, who shall be jointly liable on the indemnification claim. If either of the defendants Ellingson or Kleven fails to pay his share of the plaintiff's judgment and the other thereby becomes liable to indemnify Wallin for more than his share of the indemnification, such defendant shall be entitled to contribution from the other.

Reversed and remanded with directions.

Mr. Chief Justice Sheran, Mr. Justice Yetka, and Mr. Justice Scott, not having been members of this court at the time

of the argument and submission, took no part in the consideration or decision of this case.