Keith **VAGLE**, Appellee,

v.

**PICKANDS MATHER & COMPANY,**
**Appellant.**

**No. 78–1569.**

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 11, 1979.

Decided Nov. 20, 1979.

Certiorari Denied Jan. 14, 1980. See
100 S.Ct. 704.

---

Gene W. Halverson (argued), Halverson, Watters, Bye & Downs, Duluth, Minn., Steven L. Reyelts, Duluth, Minn., on brief, for appellant.

Paul J. Louisell, Duluth, Minn., argued and on brief, for appellee.

Before ROSS and McMILLIAN, Circuit Judges, and VAN SICKLE,* District Judge.

McMILLIAN, Circuit Judge.

Appellant, Pickands Mather, appeals from a jury verdict of $582,000 in favor of appellee, Keith Vagle, on Vagle's personal injury claim. For reversal appellant argues that the district court erred (1) in instructing the jury that Pickands Mather was vicariously liable for the negligence of Conomos, the independent contractor and appellee's employer; (2) in holding, as a matter of law, that as managing agent of Erie Properties, Pickands Mather was liable for torts committed by Erie employees; (3) in instructing the jury that appellant had a duty to warn appellee of the electrical substation; (4) in admitting into evidence OSHA Regulations as a guide on the standard of care; and (5) in failing to rule that the jury's award of damages was excessive. We agree with appellant that the court improperly instructed the jury that it was

---

* The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, sitting by designation.

vicariously liable for negligence on the part of Conomos and reverse and remand for a new trial.

Appellant, Pickands Mather & Company, is a Delaware corporation with its principal place of business in Ohio. It is the "Managing Agent" of Erie Mining Company, a Minnesota corporation which mines taconite at Hoyt Lakes, Minnesota. John B. Conomos Painting Contractors (Conomos) is a Pennsylvania corporation engaged primarily in providing industrial painting services. At the time of the accident, Conomos had contracted to paint the exterior of the Erie Mining Plant at Hoyt Lakes. Appellee, Keith Vagle, was a painter employed by Conomos.

On September 5, 1973, Vagle and a co-worker, Tom Henderson, were standing on a scaffold at Erie's Hoyt Lakes property spray-painting a steel bridge which runs parallel to and within a few feet of an electrical transformer substation. As Henderson attempted to unplug his spray gun, the hoses attached to his spray gun touched the "live" portion of the electrical substation and the electrical charge from the 13,800 volt substation knocked both painters to the ground. As a result of the accident Vagle lost 70% of his stomach and developed a speech impairment due to persisting neurological defects, suffering a total disability of 25%.

Although Pickands Mather was the only defendant, the jury was instructed to determine the comparative negligence of Conomos, Pickands Mather and Vagle. Vagle argued that Conomos negligently failed to make proper arrangements to guard and protect its employees from exposure to electrocution and that Pickands Mather negligently failed to warn Vagle and his co-workers of the danger, failed to guard and protect the transformer, and failed to shut off the transformer. The jury found that Conomos was 60% negligent, Pickands Mather 37% negligent and Vagle 3% negligent. It further found that Vagle was entitled to $600,000 damages, reduced by 3%, for a total judgment of $582,000.

Appellant's first claim of error is that the trial court improperly gave, as jury instructions, §§ 414, 416, 422 and 427 of Second Restatement of Torts (see appendix), which confer vicarious liability on Pickands Mather for Conomos' negligence. These Restatement sections confer liability on "one who entrusts work to an independent contractor" for negligence on the part of the independent contractor. Appellant argues that these instructions were improperly given because the employee of an independent contractor is not within the group of persons intended to be protected by the Restatement. We agree.

In this diversity case Minnesota law governs. The Minnesota Workmen's Compensation Statute provides that an employee who is covered by workmen's compensation and who is injured "under circumstances which create a *legal liability* for damages" on the part of a third party, cannot collect workmen's compensation and also sue the third party if the third party and the employee's employer are engaged in a "common enterprise." Minn.Stat.Ann. § 176.061, subd. 1 (West) (emphasis added). If, however, the employer and the third party are not engaged in a common enterprise, the employee may bring suit against the third party while also receiving workmen's compensation. Thus, two questions must be answered to determine if Vagle, who collected workmen's compensation from Conomos, may bring a suit against Pickands Mather: first, is Pickands Mather "legally liable" to Vagle, and second, if Pickands Mather is legally liable, is it immune from suit because it was engaged in a common enterprise with Conomos?

The jury was instructed that Pickands Mather could be found liable in two ways: first, directly liable for its own negligence, and second, vicariously liable for Conomos' negligence. Minnesota courts have held that the employer of an independent contractor will be liable to third parties, including the employees of the independent contractor, for the employer's *own* negligence. *E. g., Whirlpool Corp. v. Morse*, 222 F.Supp. 645 (D.Minn.1963), aff'd, 332 F.2d 901 (8th

Cir. 1964) (per curiam) (employer failed to exercise reasonable care to see to it that his premises were safe for business invitees which, under Minnesota law, include employees of independent contractor); *Thill v. Modern Erecting Co*, 272 Minn. 217, 136 N.W.2d 677 (1965) (interference or other negligent exercise of control retained by employer over performance of work of independent contractor). However, the Minnesota courts have not decided whether the employer of an independent contractor can be held vicariously liable, that is, liable for the negligence of the independent contractor although the employer is free from fault, to the *employees* of the independent contractor. *Cf. Olson v. Kilstofte & Vosejpka, Inc.*, 327 F.Supp. 583, 588 (D.Minn. 1971), *aff'd sub nom. Olson v. Red Wing Shoe Co*, 456 F.2d 1299 (8th Cir. 1972) (per curiam) (district court resolution of vicarious liability issue noted as unaddressed as yet by the Minnesota state courts).

■ Generally, the employer of an independent contractor is not liable to third parties for the negligence of the independent contractor or the employees of the independent contractor. *E. g., Rausch v. Julius B. Nelson & Sons, Inc.*, 276 Minn. 12, 149 N.W.2d 1 (1967). There is an exception to the general rule of the employer's nonliability for so-called "nondelegable duties." "Where the law imposes a definite, affirmative duty upon [an employer] by reason of his relationship with others, whether as an owner or proprietor of land or chattels or in some other capacity, such persons cannot escape liability for a failure to perform the

duty thus imposed by entrusting it to an independent contractor." F. Harper, Law of Torts § 292 (ed. 1933), *cited in Van Arsdale v. Hollinger*, 68 Cal.2d 245, 66 Cal. Rptr. 20, 24, 437 P.2d 508, 512 (1968) (bank). Thus, the employer of an independent contractor is subject to vicarious liability "to others" when the work to be performed is likely to create a peculiar unreasonable risk of physical harm unless special precautions are taken under Restatement §§ 413 and 416 or when a special danger is inherent or normal to the work under Restatement § 427.

■ The Restatement sections [1] at issue use the word "others" to describe those persons to whom the employer of an independent contractor owes such "nondelegable duties." Appellant Pickands Mather argues that "others" should not be read to include the employees of an independent contractor. As stated earlier, Minnesota courts have not yet addressed this question. There is a definite split of authority. Some courts have held that this vicarious liability does *not* extend to employees of independent contractors. *E. g., Hess v. Upper Mississippi Towing Corp.*, 559 F.2d 1030, 1034–35 (5th Cir. 1977); *Craig v. Olin Mathieson Chemical Corp.*, 427 F.2d 962 (7th Cir.), *cert. denied*, 400 U.S. 964, 91 S.Ct. 365, 27 L.Ed.2d 383 (1970); *Parsons v. Amerada Hess Corp.*, 422 F.2d 610, 614 (10th Cir. 1970); *Lipka v. United States*, 369 F.2d 288, 292–93 (2d Cir. 1966), *cert. denied*, 387 U.S. 935, 87 S.Ct. 2061, 18 L.Ed.2d 997 (1967); *Sloan v. Atlantic Richfield Co.*, 552 P.2d 157, 160 (Alaska 1976); *Welker v. Kenne-*

---

1. Restatement § 414 does not subject the employer of an independent contractor to vicarious liability. It imposes liability upon an employer of an independent contractor who retains control of any part of the work. "The employer must have retained at least some degree of control over the manner in which the work is done . . . . There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way." Restatement (Second) of Torts § 414, Comment c at 388 (1965). The district court did not err in giving Restatement § 414 as an instruction; the degree of control exercised by Pickands Mather, if any, would be an issue on remand.

Restatement § 422 does impose vicarious liability on the employer of an independent contractor. Judge Neville in *Olson* determined that this section should not be applied to an employee of the independent contractor injured while working on a construction job. 327 F.Supp. at 585. Judge Neville read the section "to apply to a situation, for instance where an independent contractor overnight leaves the premises in a dangerous condition and someone falls into a hole or otherwise and injures himself as the result of a negligently defective condition." *Id.* The same result is reached by reading "others" not to include employees of the independent contractor. *See* discussion in text *infra*.

cott Copper Co., 1 Ariz.App. 395, 403 P.2d 330, 339 (1965); *Florida Power & Light Co. v. Price*, 170 So.2d 293, 298 (Fla.1964); *King v. Shelby Rural Electric Cooperative Corp.*, 502 S.W.2d 659, 661–663 (Ky.1973), *cert. denied*, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 235 (1974); *Hader v. Coplay Cement Mfg. Co.*, 410 Pa. 139, 189 A.2d 271, 277 (Pa.1963); *Humphreys v. Texas Power & Light Co.*, 427 S.W.2d 324, 330–31 (Tex. Civ.App.1968); *Epperly v. City of Seattle*, 65 Wash.2d 777, 399 P.2d 591, 597 (1965). Other cases hold that the employees of the independent contractor are within the protected class. *E. g., Lindler v. District of Columbia*, 164 U.S.App.D.C. 35, 502 F.2d 495 (1974); *United States v. DeCamp*, 478 F.2d 1188 (9th Cir.), *cert. denied*, 414 U.S. 924, 94 S.Ct. 232, 38 L.Ed.2d 158 (1973) (California); *Van Arsdale v. Hollinger, supra*, 68 Cal.2d 245, 437 P.2d 508, at 514, 66 Cal.Rptr. 20, at 26; *Giarratano v. Weitz Co.*, 259 Iowa 1292, 147 N.W.2d 824, 834 (1967); *Mallory v. Louisiana Pure Ice & Supply Co.*, 320 Mo. 95, 6 S.W.2d 617, 624 (banc 1928); *International Harvester Co. v. Sartain*, 32 Tenn.App. 425, 222 S.W.2d 854, 868 (1948); *see also* Restatement (Second) of Torts, Ch. 15, Special Note (Tent. Draft No. 7, 1962).

■ In the absence of controlling Minnesota law, we read the late Judge Neville's analysis in the *Olson* case to be dispositive. Judge Neville was "strongly persuaded that the employees of an independent contractor should *not* be included among those to whom a contractee [the employer] owes a nondelegable duty to take precautions required by the specific work in which they are engaged." 327 F.Supp. at 588 (emphasis added). There are several policy reasons supporting this view. First, the employer of the independent contractor has in effect paid the workmen's compensation premiums for the employees of the independent contractor because this expense is included in the fee charged by the independent contractor for its services. *Id.; Sloan v. Atlantic Richfield Co., supra*, 552 P.2d at 159. Therefore the rule that an employee who collects workmen's compensation from his immediate employer does not have a common law right of action against that em-

ployer should also apply to the independent contractor's employer.

The second policy reason follows from the first. If the employer of an independent contractor is held vicariously liable to employees of the independent contractor, that entity, because it has in effect paid for workmen's compensation and is still liable in common law, has a greater liability to the employees of the independent contractor than it does to its own employees. *Cochran v. International Harvester, supra*, 408 F.Supp. 598 at 602–603 (D.C.Ky.); *cf. King v. Shelby Rural Electric Cooperative Corp.*, 502 S.W.2d 659, 663 (Ky.1973), *cert. denied*, 417 U.S. 932, 94 S.Ct. 2644, 41 L.Ed.2d 235 (1974). By the same token, such a policy would create an unwarranted windfall for those employees who happen to be working for an independent contractor.

■ The last policy reason is that the rationale supporting imposition of vicarious liability to third persons on one who hires an independent contractor for hazardous work is inapplicable when the third person is an employee of the independent contractor. The rule originated to prevent one from contracting out such work to an independent contractor and thereby escaping the responsibility to the public and adjoining property owners of dangers inherent in hazardous activities. However, one who hires an independent contractor with employees specialized in the hazardous work should not be penalized by being held vicariously liable in common law. *Olson v. Kilstofte & Vosejpka, Inc., supra*, 327 F.Supp. at 588; *Welker v. Kennecott Copper Co., supra*, 403 P.2d at 339.

Appellee argues that *Olson* is inapposite and cites several cases as holding that the employer of an independent contractor can be held vicariously liable to the employees of the independent contractor. Most of the cases cited by appellee do acknowledge that an employee may sue a third party tortfeasor to obtain a full common law recovery in addition to workmen's compensation benefits; however, in none of the cases was the plaintiff an employee of an independent

contractor seeking to hold the employer of the independent contractor *vicariously* liable. *E. g., Lambertson v. Cincinnati Corp.,* 312 Minn. 114, 257 N.W.2d 679 (1977); *Sorenson v. Safety Flate, Inc.,* 298 Minn. 353, 216 N.W.2d 859 (1974); *Hillman v. Wallin,* 298 Minn. 346, 215 N.W.2d 810 (1974); *Haney v. International Harvester Co.,* 294 Minn. 375, 201 N.W.2d 140 (1972); *Froysland v. Leef Bros.,* 293 Minn. 201, 197 N.W.2d 656 (1972). In the one instance cited by appellee where the employee of a subcontractor sued the general contractor which had hired the subcontractor, the issue on appeal concerned only the contractor's right of indemnification from the subcontractor; the propriety of the subcontractor's employee recovering from the general contractor never arose. *Keefer v. Al Johnson Constr. Co.,* 292 Minn. 91, 193 N.W.2d 305, 307 (1971).

■ On the basis of the above discussion, we are able to define the extent of Pickands Mather's "legal liability" to Vagle. Pickands Mather may be held liable for its own negligence, but may *not* be held *vicariously* liable to Vagle, the employee of the independent contractor, for the negligence of the independent contractor.

■ The second question we must address is whether Pickands Mather is immune from suit. If Pickands Mather and Conomos, Vagle's employer, are engaged in a "common enterprise," Pickands Mather is immune from suit. However, this is clearly not the case. Merely making repairs on the third party's premises does not make the third party and the employer of the injured employee "engaged in a common enterprise." *Chenette v. Trustees of Iowa College, Grinnell, Iowa,* 431 F.2d 49, 53 (8th Cir. 1970); *Gleason v. Geary,* 214 Minn. 499, 8 N.W.2d 808, 811 (1943). To find a common enterprise the employees of the two employers must be engaged in the same

project and exposed to the same or similar hazards. *Id.* 8 N.W.2d at 812. This is clearly not the case, for no Pickands Mather or Erie employees were assisting in the painting or in any way exposed to the danger of electrocution. Therefore, Conomos and Pickands Mather are not engaged in a common enterprise and Pickands Mather is not immune from suit for its own negligence.

■ Thus, we conclude that the district court erroneously instructed the jury on the issue of vicarious liability. Further, because we cannot state with reasonable assurance that the erroneous instructions on the issue of vicarious liability did not influence or materially affect the jury's verdict, we reverse and remand for a new trial on the issue of damages as well as liability. *See Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc.,* 168 U.S.App.D.C. 149, 513 F.2d 407, 421–22 (D.C. Cir. 1975), *citing Gasoline Products Co. v. Champlin Refining Co.,* 283 U.S. 494, 500, 51 S.Ct. 513, 75 L.Ed. 1188 (1931); *Lowery v. Clouse,* 348 F.2d 252, 256 (8th Cir. 1965). A new trial is not warranted on the other issues raised on appeal.

Appellant's second point of error is that the trial court erred in holding, as a matter of law, that Pickands Mather was liable for activities of Erie employees which may have caused the accident. As stated, Erie Mining Company, owner of the premises on which the accident occurred, hired Pickands Mather as managing agent of its enterprises including management of its Hoyt Lake property. At the time of Vagle's accident, Erie had 2,900 employees at this site while Pickands Mather had four, all of whom were top level management personnel. Appellant has spent considerable time attempting to argue, under agency principles of law, why Erie, rather than Pickands Mather, is liable in this case,[2] and why the

2. In arguing this point, appellant has submitted the following cases as supporting its position that it is not liable: *Towt v. Pope,* 168 Cal. App.2d 520, 336 P.2d 276 (1959); *Malloy v. Fong,* 37 Cal.2d 356, 232 P.2d 241 (1951); *Mor-*

*gan v. Eaton's Dude Ranch,* 307 Minn. 280, 239 N.W.2d 761 (1976). These cases are not apropos. As the district court pointed out, they all involve the responsibility of a *corporate officer* rather than the responsibility of a *corporate*

court erred in failing to submit the issue of agency to the jury. The liability of appellant, however, does not rest upon agency theory. Instead, it rests on the clear and concise contract in which Erie and Pickands Mather delineated their responsibilities. Cf. Minneapolis Mill Co. v. Wheeler, 31 Minn. 121, 16 N.W. 698 (1883) (a mill company was renting land and was under obligation with the owner of property to maintain a bridge; when the bridge collapsed because of negligent repair, the mill owners were liable pursuant to an agreement between the owner of the property and the mill company).

▮ The agreement between the parties provided:

Among the things to be managed and supervised by the Manager [Pickands Mather] are . . .

the maintenance and protection of the Taconite Properties, . . .

the securing of adequate and reasonable insurance covering risks growing out of personal injury to, or death of, employees and others, risk of fire and other risks ordinarily insured against

. . .

[the] compliance with all laws including laws relating to . . . safety requirements . . .

the doing of all such acts and things and the conducting of all such operations as may be necessary or advisable for the efficient and economical operation and care of the Taconite properties

. . . .

In other words, the contract specifies that Pickands Mather is responsible for maintenance of the Taconite properties, for compliance with all safety regulations and for securing insurance coverage for "employees and others" who are injured. It is thus apparent that the contract between Erie and Pickands Mather specifies that the latter is liable for damages resulting from a failure to comply with safety regulations.

Because it is well-established that construction of an unambiguous writing is for the court, Cut Price Super Markets v. Kingpin Foods, Inc., 256 Minn. 339, 98 N.W.2d 257, 267 (1959), and because this contract is unambiguous, the trial court acted quite properly in construing Pickands Mather's contractual responsibilities itself rather than submitting the particularities of the relationship between Erie and Pickands Mather to the jury.

▮ A third issue which appellant has raised is whether the trial court erred in instructing the jury that Pickands Mather had a duty to warn Vagle of dangers inherent in the painting project. Appellant advances two arguments: (1) the trial court erred in instructing the jury that Pickands Mather had a duty to warn Vagle directly and, according to appellant, the court should have instructed the jury that Pickands Mather was only required to warn Conomos; and (2) alternatively, the trial court should have instructed the jury that Pickands Mather had no duty to warn of an obvious danger, which appellant claims the substation was.

The court instructed the jury that:

A possessor of land has a duty to use reasonable care to inspect and repair his premises or to warn an entrant who comes upon his premises to protect the entrant from an unreasonable risk of harm caused by the condition of the premises while he is on the premises.

Appellant's first argument has no basis in fact. The court did not, as appellant argues, instruct the jury that Pickands Mather had a duty to warn Vagle directly. The court merely instructed the jury Pickands Mather had a duty to use "reasonable care" to warn an entrant, which Vagle was. The jury could well have found, just as appellant urges, that reasonable care required only that Pickands Mather warn Conomos, which would then warn its individual employees.[3] Given this ambiguity and the fact

entity. Their lack of applicability is exacerbated even further by the fact that in this case a contract spells out the corporate entity's responsibility.

3. Pickands Mather could have effectively discharged this duty by warning either Conomos or Vagle. In our opinion, it was neither practical nor legally necessary that Pickands Mather

that Minnesota law is unclear on this subject, we cannot say the court's instructions on appellant's duty to warn were clearly erroneous or prejudicial to the point of requiring a new trial on this basis.

■ Appellant's second argument, that it had no duty to warn of an obvious danger, is also flawed. While it is true that the owner or possessor of premises has no duty to warn of obvious dangers, Minnesota courts have recognized that the duty to warn remains if the danger, however obvious, cannot be avoided. *Peterson v. W. T. Rawleigh Co.*, 274 Minn. 495, 144 N.W.2d 555, 558 (1966). As the trial court properly found, Vagle and Henderson were to paint the bridge directly over the substation and could not avoid the danger presented. Therefore, appellant's duty to warn of the substation, assuming arguendo it was an "obvious danger," did not abate.

■ Appellant has also argued that the trial court erred in allowing into evidence Vagle's Exhibit 26 which consisted of an Occupational Safety & Health Administration (OSHA) Safety Regulation regarding electrical installations on a jobsite. According to appellant, because Hoyt Lakes is a mining facility, the Mining Enforcement and Safety Administration (MESA) is the appropriate regulating authority and MESA regulations, not OSHA regulations, apply. Appellant argues that the trial court committed reversible error in allowing into evidence the OSHA regulations. Because the OSHA regulations apply to electrical substations and because it is unclear to us whether the bridge Vagle and Henderson were painting was a "mine" and thus actually regulated by MESA rather than OSHA, we cannot say that the trial court erred in allowing the OSHA regulations into evidence.

■ Appellant challenged the amount of damages, arguing that the calculations of Vagle's anticipated income by Vagle's ex-

pert witness, Professor Karl Egge, were suspect because they exceeded Vagle's actual earnings in the year previous to the accident. We cannot agree that this renders Egge's calculations erroneous. Vagle was twenty-four years old at the time of the accident and spent the year previous to the accident attending scuba diving school, working off and on to finance his educational expenses and, in general, considering his career options. His earnings during such a transition period are scarcely reflective of what his earnings in future years will be. Therefore, Professor Egge's calculations of Vagle's anticipated earnings based on the assumption Vagle would remain at a construction job comparable to the one he held when injured are not inappropriate.

In conclusion, we agree with appellant that the district court erred in submitting as jury instructions §§ 416, 422 and 427 of the Restatement (Second) of Torts, which subjected Pickands Mather to vicarious liability to Vagle, an employee of the independent contractor Conomos. Accordingly, the judgment is reversed and remanded for a new trial on the issues of liability and damages.[4]

### APPENDIX

§ 414. Negligence in Exercising Control Retained by Employer

One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

§ 416. Work Dangerous in Absence of Special Precautions

One who employs an independent contractor to do work which the employer

give individual warnings to each Conomos employee.

4. Any award of damages should be apportioned according to the formula set forth in Minn.Stat.

Ann. § 176.061, subd. 6 (West Supp.1979). *See Johnson v. Raske Bldg. Systems, Inc.*, Minn., 276 N.W.2d 79, 81 & n. 5 (1979); *Lambertson v. Cincinnati Corp., supra*, 312 Minn. 114, 257 N.W.2d at 689.

should recognize as likely to create during its progress a peculiar risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the failure of the contractor to exercise reasonable care to take such precautions, even though the employer has provided for such precautions in the contract or otherwise.

§ 422. Work on Buildings and Other Structures on Land

A possessor of land who entrusts to an independent contractor construction, repair, or other work on the land, or on a building or other structure upon it, is subject to the same liability as though he had retained the work in his own hands to others on or outside of the land for physical harm caused to them by the unsafe condition of the structure

(a) while the possessor has retained possession of the land during the progress of the work, or

(b) after he has resumed possession of the land upon its completion.

§ 427. Negligence as to Danger Inherent in the Work

One who employs an independent contractor to do work involving a special danger to others which the employer knows or has reason to know to be inherent in or normal to the work, or which he contemplates or has reason to contemplate when making the contract, is subject to liability for physical harm caused to such others by the contractor's failure to take reasonable precautions against such danger.