**Keith VAGLE, Plaintiff,**

v.

**PICKANDS MATHER & CO., Defendant.**

**No. 51332.**

Supreme Court of Minnesota.

Dec. 17, 1981.

Paul J. Louisell, Duluth, for plaintiff.

Halverson, Watters, Bye, Downs & Maki, Gene W. Halverson and Steven L. Reyelts, Duluth, for defendant.

Falsani, Balmer & Berglund and Robert C. Falsani, Duluth, for Minnesota Trial Lawyers Ass'n, amicus curiae.

WAHL, Justice.

This matter is before the court in response to the May 6, 1980, order of the United States District Court, District of Minnesota, certifying for our determination the following question of law:

Where plaintiff was injured while working for an independent contractor on the premises of the defendant, under the above set of facts and as may be supplemented by reference to the transcript of the trial record herein by either plaintiff, defendant or the trial court, may Restatement of Torts (second edition), Sections 414, 416, 422 and 427 be given to the jury on the issue of whether defendant, as a possessor of land, could be held to be vicariously liable for the negligence committed by the independent contractor who was plaintiff's employer?

Insofar as we are able to respond to the question certified to us by the federal district court, the law of Minnesota is as stated in *Conover v. Northern States Power Co.*, 313 N.W.2d 397, filed herewith. Whether it is or is not consistent with *Vagle v. Pickands Mather & Co.*, 611 F.2d 1212 (8th Cir. 1979), *cert. denied*, 444 U.S. 1033, 100 S.Ct. 704, 62 L.Ed.2d 669 (1980), or whether, if inconsistent, the decision of the Eighth Circuit controls this case is a question of federal law, on which it would not be appropriate for us to comment.

SCOTT, J., took no part in the consideration or decision of this case.