**Jeffery ACKERMAN, Plaintiff,**

v.

**GULF OIL CORPORATION, Rush Welding & Supply, Inc., and South Plains International Trucks, Inc., Defendants.**

**Birdie JILEK, Plaintiff,**

v.

**GULF OIL CORPORATION, Rush Welding & Supply, Inc., and South Plains International Trucks, Inc., Defendants.**

**Gary JILEK, Plaintiff,**

v.

**GULF OIL CORPORATION, Rush Welding & Supply, Inc., and South Plains International Trucks, Inc., Defendants.**

Civ. Nos. A1–81–121, A1–81–124 and A1–81–125.

United States District Court, D. North Dakota, Southwestern Division.

Dec. 20, 1982.

George T. Dynes, Dickinson, N.D., for Ackerman.

Mark L. Greenwood, Dickinson, N.D., for Birdie and Gary Jilek.

Richard H. McGee, Minot, N.D., for Gulf Oil.

Steven Storslee, Bismarck, N.D., for South Plains Intern.

No appearance for Rush Welding & Supply.

## MEMORANDUM AND ORDER

VAN SICKLE, District Judge.

Defendant Gulf moves for summary judgment on plaintiffs' claims arising from injuries G. Jilek and Ackerman sustained while operating a hot oil unit that caught fire.

Gulf Oil Corporation contracted with E-Line to clear up paraffin blocks in its oil wells. On September 25, 1979, Gulf called E-Line to clear up a block that occurred at one of Gulf's wells in the Little Knife River oil field, a site at which E-Line had performed work in the past. E-Line arrived on the scene with a hot oil unit that had been in operation about sixteen months. Plaintiffs G. Jilek and Ackerman, employees of E-Line, operated the unit and began pumping hot oil into the well. After the unit had operated some time, it caught fire and injured Jilek and Ackerman. Plaintiffs contend that this fire was caused by gasses that accumulated at the bottom of the unit due to its improper venting.

Following the accident, the plaintiffs Jilek and Ackerman received compensation from the North Dakota Workmen's Compensation Fund. To augment that recovery, the plaintiffs commenced suits in this court against defendants Rush Welding and Supply, Inc., and South Plains International Trucks, Inc., on product liability grounds, and against Gulf Oil Corporation on negligence and vicarious liability grounds.

Plaintiffs base their claims against Gulf on two grounds: first, Gulf is vicariously liable to the plaintiffs for the negligence of the plaintiffs' employer, E-Line; second, Gulf is liable to the plaintiffs for its negligence in failing to exercise the control it retained over E-Line with due care. These are two distinctly different bases of recovery, since vicarious liability is imposed on the employer of the contractor regardless of the employer's fault; whereas liability for

negligence is imposed upon a finding that the employer is at fault.[1]

Thus, in order for Gulf to succeed on its motion for summary judgment, this court must find that neither of plaintiffs' claims raise an issue of material fact and that as a matter of law Gulf is entitled to judgment on both claims. *See,* Fed.R.Civ.Pro. 56(c).

### I. *Plaintiffs' claim that Gulf is vicariously liable for the negligence of E-Line*

Plaintiffs claim that Gulf is vicariously liable for the negligence of E-Line based on sections 416 and 427 of the Restatement (Second) of Torts, both of which impose vicarious liability on the employer who contracts out dangerous work. Gulf argues that as an employer of a contractor, it is immune from vicarious liability to the plaintiffs since the plaintiffs were employees of the contractor. While there is no question that a third person injured by a contractor's negligence can sue the employer of the contractor for vicarious liability, there is a split of authority on whether the employee of a contractor injured by the contractor's negligence can bring such a suit against the employer of the contractor. The North Dakota Supreme Court has not spoken on this issue,[2] although the Circuit Court of Appeals in *Vagle v. Pickands Mather Co.,* 611 F.2d 1212, 1219 (8th Cir. 1979) held that the employee may not bring such a suit.[3]

In the absence of any Minnesota cases addressing the issue, the *Vagle* court advanced three policy reasons for finding the employer of a contractor immune from suit by the contractor's employees for vicarious liability based on the contractor's negligence. Essentially, these reasons attempt to show why it is logical to allow third persons to bring such suits but to deny employees of a negligent contractor that right.

Plaintiffs claim that *Vagle* is not binding authority on this court since it dealt with Minnesota and not North Dakota law, and further that the three reasons advanced by the *Vagle* court are not sound. It is in light of these contentions that I turn now to examine the soundness of the reasoning in *Vagle.*

The first reason offered by the *Vagle* court is that allowing the employees of a contractor to sue the employer of the contractor for vicarious liability would have the effect of placing a double penalty on the employer. 611 F.2d at 1218. This is so because the employer already helps to pay the workmen's compensation costs of the contractor by paying the increased costs of services, and hence holding the employer liable would effectively make the employer pay twice. However, on closer analysis, this argument is not so forceful because only a small part of the workmen's compensation costs are passed on to the employer in the form of increased costs.

The second reason advanced by the *Vagle* court is that allowing the employees of contractors to sue for vicarious liability would be unfair to other employees for whom such suits are prohibited by workmen's compensation laws. 611 F.2d at 1218. If, for example, G. Jilek and Ackerman had been employees of Gulf doing exactly the same work they would have been barred by the workmen's compensation laws from suing Gulf, their employer.

Yet this reason loses its persuasive force once we realize that it is equally unfair to

---

1. The grounds for finding an employer of contractor vicariously liable are stated in the Restatement (Second) of Torts, §§ 416–29. For the most part, vicarious liability is imposed in circumstances where the contractor performs a dangerous activity. The grounds for finding the contractor negligent in his conduct toward the employee of the contractor are stated in the Restatement, §§ 410–15.

2. The issue arose in the case of *Peterson v. City of Golden Valley,* 308 N.W.2d 550 (N.D.1981),

but the court decided the case on other grounds.

3. Although the Eighth Circuit Court of Appeals allowed a suit for vicarious liability on the appeal of a North Dakota case, the employee who brought the suit was not injured by the negligence of his employer, as it is claimed here, but by the negligence of another contractor on the job site. *See, Schultz & Lindsey Construction Co. v. Erickson,* 352 F.2d 425 (8th Cir.1965).

deny such suits to those employees when similarly situated employees are allowed to bring such suits. *See, Schultz & Lindsey Const. Co. v. Erickson,* 352 F.2d 425, 436 (8th Cir.1965). If, for example, plaintiffs had been employees of another contractor which Gulf had asked to do work at the well, they would not only have a workmen's compensation claim against their own employer, and a negligence claim against E-Line, but also a vicarious liability claim against Gulf.

The third reason the *Vagle* court stated as follows:

> [O]ne who hires an independent contractor with employees specialized in the hazardous work should not be penalized by being held vicariously liable in the common law.

611 F.2d at 1218 (citations omitted). This assertion, however, was not followed up with any discussion explaining why vicarious liability should not be imposed in such circumstances. This court, after its own consideration, believes that there are three additional reasons which the *Vagle* court might have advanced to support its assertion.

First, the employee of the contractor usually has greater knowledge of and control over the dangers to which he is exposed than does a third person. Generally, the employee works with those dangers daily, and from such experience usually has a clearer idea of the dangers to which he is exposed and how he might alleviate such dangers.

Second, in providing workmen's compensation to employees as a substitute for negligence suits against one's employer, the legislature obviously felt that such compensation was adequate to substitute for a negligence suit against one's employer.[4] Therefore, one would expect the legislature to oppose further suits for vicarious liability which are predicated on the negligence for which the employee already received adequate compensation. Hence, legislative intent would arguably oppose the imposition of vicarious liability on the employer of a contractor which serves to compensate an employee of the contractor for the contractor's negligence.

The third reason for not imposing vicarious liability in these circumstances stems from what this court believes is an undesirable feature of that doctrine: namely, it imposes liability contrary to the principle embodied throughout the law in innumerable cases, statutes, constitutions, etc., that one should be held liable *according to one's* fault.[5] While the doctrine is partly designed to give economic incentive to reduce injuries and to distribute the costs of injury to those who can better absorb them, modern insurance practice has largely undercut the extent to which those benefits would result. Hence, this court believes it the better part of wisdom not to extend a questionable doctrine that opposes a fundamental legal principle unless very good reasons are given for doing so. It seems more appropriate for the people through their elected representatives to authorize this change of policy.

For these reasons, this court concludes that employees of a contractor have no right to sue the employer of their contractor for vicarious liability based on the contractor's negligence. Therefore, this court grants Gulf's motion for summary judgment relative to the plaintiffs' claims for vicarious liability.

II. *Plaintiffs' claim against Gulf for negligence*

█ Plaintiffs base their negligence claim against Gulf on the Restatement (Second) of Torts § 414, Negligence in Exercising Control Retained by Employer:

> One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liabili-

---

4. See, N.D.Cent. Code § 65 01 08.

5. No doubt the imposition of vicarious liability is partly motivated by the idea that a person who knowingly initiates a dangerous activity should bear some responsibility for injuries that activity causes others. It is nevertheless true that this rationale indicates only a limited amount of "fault" or moral desert on part of the person initiating the dangerous activity.

ty for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

Gulf apparently argues that it only assumed control over the temperature of the hot oil and hence exercised no control over the maintenance and proper operation of the hot oil unit. If so, Gulf could not be liable under § 414 since it is quite clear that Gulf's control over the oil temperature did not cause the unit to catch fire.

However, Gulf's argument is inappropriate for a summary judgment motion since a factual issue exists concerning the degree of control Gulf retained over the operation of the hot oil unit. Plaintiffs submit several pieces of evidence showing this to be a genuine issue of material fact. They point out that clause 5 of the contract between Gulf and E-Line provides that E-Line would conduct its work "in accordance with the most stringent safety regulations, precautions, and procedures and by employing all necessary or desirable protective equipment and devices." Clause 6 provides in part:

> [T]he work contemplated herein shall meet the approval of Gulf and be subject to the general right of inspection herein provided to Gulf to secure the satisfactory completion thereof.

In addition, plaintiffs quote the deposition of Mr. McHugo, a Gulf representative:

> If I see something that I don't agree with, then I can request that they change it. If they don't want to change it, then I have to go to my superior, along with him, and then we'll decide whether to release that unit or let them go ahead with their work.

This evidence convinces the court that there is a genuine issue of material fact whether or not Gulf retained control over the operation of the hot oil unit. Hence, as to Gulf's motion for summary judgment on plaintiffs' claim for negligence, that motion is denied.

IT IS ORDERED that judgment be entered granting Gulf's motion relative to plaintiffs' vicarious liability claim and denying its motion relative to plaintiffs' negligence claim.